STATE OF NORTH CAROLINA v. JOHN RICKS

No. 7710SC675

(Filed 21 December 1977)

Rape § 5— rape of twelve year old—consent by victim—insufficient evidence of rape

Evidence was insufficient for the jury in a prosecution for rape of a twelve year old girl where it tended to show that defendant offered the girl money for sexual intercourse and asked her to go down to the pond for that purpose; the girl refused him, but subsequently followed defendant to the pond; on defendant's orders, but without any threat of force, she took her pants down and submitted to intercourse without complaint and made no protest until 10 or 20 minutes later when he began to hurt her; all this time the girl was within sight of the house where her mother was; and the only direct testimony about the girl's consent was that while she really did not want to go to the pond, she went anyway because she did not know what to do and, while she did not want to have sexual intercourse with defendant, she did not protest nor did she tell him so.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 23 June 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 8 December 1977.

Defendant was indicted for the rape of twelve-year-old Felicia Bellamy, the daughter of the woman with whom he lived. The State's evidence tended to show that on 12 February 1977, defendant offered Felicia $2.00 if she would have sexual intercourse with him. She refused but later followed him to a pond near her home. When asked to take off her panties and lie down, she did

so. After intercourse had continued for some time, she complained that he was hurting her. This was not the first time defendant had intercourse with the girl. Felicia also testified that defendant whipped her and her brothers and sisters when he wanted them to mind him.

Defendant was convicted of second degree rape. He was sentenced to forty years in prison.

*Attorney General Edmisten, by Associate Attorney Thomas F. Moffitt, for the State.*

*W. Thurston Debnam, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant assigns as error the court's failure to dismiss the case at the close of the State's evidence due to its insufficiency. He alleges that the State produced no evidence from which a jury could reasonably infer that the act of intercourse was by force and against the will of Felicia Bellamy. We are compelled to agree.

It is well established that consent is a complete defense to an indictment charging the rape of a female over the age of twelve. *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974). Consent, however, is not synonymous with submission, for submission due to fear, fright, coercion or realization that in the particular situation resistance is futile is not consent sufficient to provide the defense. *State v. Hines*, 286 N.C. 377, 211 S.E. 2d 201 (1975); *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225 (1969). Moreover, the age of the woman is an important consideration in determining what situations would reasonably induce submission due to fear or coercion. *State v. Carter*, 265 N.C. 626, 144 S.E. 2d 826 (1965).

With these factors in mind we review the prosecutrix's testimony. Felicia testified that defendant offered her money for sexual intercourse and asked her to go down to the pond for that purpose. She testified that she refused him. After he left alone, she followed, leaving the comparative safety of the house where her mother was present. On defendant's orders, but without any threat of force, she took her pants down and submitted to intercourse without complaint and made no protest until ten or twenty minutes later when he began to hurt her. All this time she was

within sight of the house where her mother was. Although she testified that defendant was the head of the household in which she lived and had whipped all of the children when he wanted them to mind him, the only direct testimony about her consent was to the effect that while she really did not want to go to the pond she went anyway because she did not know what to do and that while she did not want to have sexual intercourse with defendant she did not protest nor did she tell him so.

In denying the defendant's motion to dismiss, the court relied upon *State v. Miller*, 268 N.C. 532, 151 S.E. 2d 47 (1966), and *State v. Carter, supra.* In *Miller*, the victim, a seventeen-year-old girl tricked into getting into a car with five men, testified that she begged and tried to resist. In *Carter*, the victim was the defendant's seven-year-old stepdaughter. While her mother was absent, he slapped her, threw her on the kitchen floor, and severely injured her while forcing himself upon her. There is no such evidence in this case. The Court in deciding *State v. Carter, supra,* quoted extensively from cases from other jurisdictions which emphasized the vulnerable position of a girl faced with the superior strength of an adult male where there is no one nearby to aid her. Felicia, however, left the presence of her family and followed defendant knowing his purpose. Moreover, by her own testimony when the alleged rape took place she was near enough to the house to see it and presumably be heard screaming.

In reviewing other cases where the evidence of fear and coercion was sufficient to support a finding that the victim submitted without extensive struggle but did not consent to intercourse, we find that generally the woman was faced with a stronger man in a place where there was no one to come to her aid if she screamed or resisted and that she testified about her fear. *See e.g., State v. Hines, supra; State v. Primes, supra; State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44 (1967).

Viewing the evidence in the light most favorable to the State, we cannot say that it raises any reasonable inference that the act of sexual intercourse was consummated by force, actual or implied, or that it was without Felicia's consent. The evidence shows a sordid use of a young girl for which the District Attorney may be well advised to prosecute defendant under an appropriate charge. The evidence is, however, insufficient to support a conviction for rape.

Reversed.

Judges BRITT and PARKER concur.