STATE OF NORTH CAROLINA v. MATTHEW DOUGLAS LESTER

No. 8317SC1324

(Filed 16 October 1984)

**Rape and Allied Offenses § 5— insufficient evidence of force**

The evidence was insufficient to show that defendant *forcibly* raped his daughter where the evidence tended to show that defendant had frequently beaten his wife prior to their divorce, that defendant had beaten his girl friend and his son, that defendant had pointed a gun at his children, that defendant had threatened to kill his wife and one of his daughters when confronted with his wife's knowledge of his sexual activity with his daughter, and that the daughter had initially refused defendant's advances on the two occasions in

question here, but finally gave in when she perceived that defendant was get-
ting angry. G.S. 14-27.3.

Judge PHILLIPS dissenting.

APPEAL by defendant from *Collier, Judge*. Judgments en-
tered 14 July 1983 in Superior Court, SURRY County. Heard in the
Court of Appeals 20 September 1984.

Defendant was charged in proper bills of indictment with two
counts of felonious incest, Case Nos. 83CRS645 and 83CRS1469,
and two counts of second degree rape, Case Nos. 83CRS1243 and
83CRS1244.

The defendant was found guilty as charged, and from a con-
solidated judgment imposing a prison sentence of 12 years in the
cases charging the defendant with felonious incest and second
degree rape, Case Nos. 83CRS1469 and 83CRS1244, and from a
consolidated judgment imposing a prison sentence of 12 years in
the cases charging the defendant with felonious incest and second
degree rape, Case Nos. 83CRS645 and 83CRS1243, the judgments
to run consecutively, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney
General George W. Lennon, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate De-
fender Lorinzo L. Joyner, for defendant, appellant.*

HEDRICK, Judge.

Defendant assigns error to the denial of his motions to dis-
miss the charges against him in the cases wherein he was charged
with second degree rape. The evidence with respect to the rape
charges, considered in the light most favorable to the State, tends
to show the following: Defendant, his three daughters, and his son
moved to North Carolina in 1981 and at the time of the offenses
in question lived in Dobson, North Carolina. Defendant and the
children's mother were divorced several years ago, and defendant
obtained custody of the children. Prior to the divorce, defendant
frequently beat Mrs. Lester, once striking her in the children's
presence with such force that her false teeth were knocked out.
Defendant's girl friend and his son were also beaten by defend-
ant. Defendant possessed a gun and on one occasion pointed the

gun at his children. Defendant has engaged in sexual activity with all of his daughters. The victim in the instant case was eleven years old when defendant first had sexual relations with her. When Mrs. Lester, defendant's ex-wife, learned of this and confronted defendant with her knowledge, defendant placed his hand on a Bible and swore never to touch the victim again. Defendant then threatened to kill Mrs. Lester and the victim if they told anyone of his actions.

The incident described in Case No. 83CRS1244 occurred on 25 November 1982. The victim testified that on that date she and her family went to the home of defendant's mother for Thanksgiving dinner. After dinner, defendant asked her to go with him to a local store, and she agreed to go. Defendant and his daughter did not go to the store, however, but returned instead to the trailer in which they lived. Defendant then told the victim to remove her clothes. She initially refused, but complied with a second request because she "could tell on his face that he was getting angrier." Defendant then removed his clothes and had intercourse with the victim.

The incident described in Case No. 83CRS1243 occurred on 18 December 1982. On that date the victim and defendant stopped on a gravel road on their way home from Christmas shopping. Defendant asked his daughter "once or twice" if she wanted "to do it," and she answered that she did not. He then told her to take off her pants and panties, and the victim refused. When she perceived that her father was angry, however, the victim "finally gave in," undressed, and lay down in the seat of the car in compliance with her father's directions. Defendant then had intercourse with her. Following this act, defendant accused the victim of "messing with other boys," became angry, and slapped her.

Defendant, citing *State v. Ricks*, 34 N.C. App. 734, 239 S.E. 2d 602 (1977), *disc. rev. denied*, 294 N.C. 363, 242 S.E. 2d 633 (1978), argues that the record is devoid of any evidence sufficient to raise an inference that he had sexual intercourse with the victim "by force," as is required by N.C. Gen. Stat. Sec. 14-27.3 to support a conviction of second degree rape. Citing no authority and without elaborating on the facts and circumstances giving rise to its fallacious conclusion, the State cavalierly dismisses the defendant's contentions with the following statement: "[T]he

evidence is so overwhelming and stems from so many different sources, that the State is surprised this issue was even raised on appeal."

*State v. Ricks* is clearly distinguishable on its facts from the instant case, but we find *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984), not cited by either party, to be controlling on the issue of whether there was evidence that defendant had sexual intercourse with the victim "[b]y force and against [her] will." G.S. 14-27.3.

In *Alston* the defendant and his girl friend had been involved in a consensual sexual relationship for approximately six months. During this period defendant had struck her on several occasions. Approximately one month prior to the alleged offense, defendant's girl friend, Ms. Brown, moved out of defendant's apartment and decided to terminate her relationship with the defendant. On 15 June 1981, defendant met Ms. Brown outside the school she was attending, grabbed her arm, and stated that she was going with him. Ms. Brown agreed to accompany defendant if he released her arm, and he did so. Ms. Brown testified that she did not run away because she was afraid of the defendant. Defendant and Ms. Brown then walked around the school and talked about their relationship. At one point in the conversation the defendant threatened to "fix" Ms. Brown's face. Defendant then told Ms. Brown that he had the right to make love to her again, and the two went to the house of a friend, where they had had sexual relations on prior occasions. Defendant then asked Ms. Brown if she was "ready." She answered that she did not want to have sexual relations with the defendant, but did not physically resist his advances. Ms. Brown cried while she and defendant had intercourse. In reversing defendant's conviction of second degree rape, our Supreme Court stated:

> [W]e think that the State's evidence was sufficient to show that the act of sexual intercourse in question was against Brown's will. It was not sufficient, however, to show that the act was accomplished by actual force or by a threat to use force unless she submitted to sexual intercourse.

*Id.* at 409, 312 S.E. 2d at 476. The Court explained its ruling in the following language:

[T]he absence of an explicit threat is not determinative in considering whether there was sufficient force in whatever form to overcome the will of the victim. It is enough if the totality of the circumstances gives rise to a reasonable inference that the unspoken purpose of the threat was to force the victim to submit to unwanted sexual intercourse. . . . Under the peculiar facts of this case, there was no substantial evidence that threats or force by the defendant on June 15 were sufficiently related to sexual conduct to cause Brown to believe that she had to submit to sexual intercourse with him or suffer harm. Although Brown's general fear of the defendant may have been justified by his conduct on prior occasions, absent evidence that the defendant used force or threats to overcome the will of the victim *to resist the sexual intercourse alleged to have been rape*, such general fear was not sufficient to show that the defendant used the force required to support a conviction of rape.

*Id.* (Emphasis original.)

In the instant case there is evidence that the acts of sexual intercourse between defendant and his fifteen-year-old daughter on 25 November and 18 December, 1982, were against her will. There is no evidence, however, that defendant used either actual or constructive force to accomplish the acts with which he is charged. As *Alston* makes clear, the victim's fear of defendant, however justified by his previous conduct, is insufficient to show that defendant *forcibly* raped his daughter on 25 November and 18 December. Consequently, the judgments entered in Case Nos. 83CRS1244 and 83CRS1243, wherein defendant was convicted of two counts of second degree rape, must be vacated.

Having so disposed of the cases wherein defendant was charged with second degree rape, we consider defendant's remaining assignments of error only in connection with the cases wherein he was charged with incest. We have carefully examined these assignments of error, all of which relate to the admission or exclusion of evidence, and find each to be without merit.

The result is: In Case Nos. 83CRS1243 and 83CRS1244, wherein defendant was charged with second degree rape, the orders denying defendant's motions to dismiss are reversed, and the judgments entered on the verdicts thereon will be vacated; in

Case Nos. 83CRS645 and 83CRS1469, wherein defendant was charged with and found guilty of felonious incest, we hold defendant had a fair trial, free from prejudicial error. Since the trial court consolidated Case Nos. 83CRS645 and 83CRS1243, wherein defendant was charged with incest and second degree rape, and consolidated Case Nos. 83CRS1469 and 83CRS1244, wherein defendant was charged in additional cases with incest and second degree rape, Case Nos. 83CRS645 and 83CRS1469, charging defendant with incest, must be remanded for resentencing without a new sentencing hearing.

Vacated in part, no error in part, and remanded for resentencing.

Judge BECTON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

I dissent from the holding of the majority that the evidence presented was not sufficient to support defendant's conviction on the rape charge. Two significant circumstances in this case, which were not present in *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984), where the victim was defendant's independently situated former girl friend who followed him to their accustomed rendezvous place, are that the child was under defendant's constant and continuing control and dominion, and the incident occurred where they lived. The first of these circumstances, it seems to me, is a foundation which supports the other evidentiary circumstances and enables them to support each other, and when the jury considered his many cruelties and threats from that base, they were justified, I think, in concluding that the girl submitted to defendant out of fear. In the situation that existed, the threat of force, though implicit, was constant, and having stated that she did not wish to submit, the circumstances did not require her to physically resist.