State v. Britt

———————

STATE OF NORTH CAROLINA v. RONALD M. BRITT

No. 855SC1006

(Filed 1 April 1986)

1. **Rape and Allied Offenses § 5— second degree sexual offense—evidence sufficient**

    The trial court properly denied defendant's motion to dismiss two counts of second degree sexual offense committed against his twelve-year-old daughter based on insufficient evidence of force where there was testimony that the victim had told her mother and a detective that defendant on the first occasion pulled her down on a bed, would not stop when told, had his arm on her and held her down, and in the second incident pulled her down on a bed, held her there, pursued her into another room when she got away, forced her to lie down, and again refused to stop when told. N.C.G.S. 14-27.5.

2. **Criminal Law § 73.1— second degree sexual offense—twelve-year-old victim— statements to mother and detective—admission not plain error**

    There was no plain error in a prosecution for second degree sexual offense against defendant's twelve-year-old daughter where the court allowed the victim's mother and a detective to testify about statements that the victim made to them but defendant did not object at trial.

    Judge MARTIN concurring in the result.

---

---

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 25 June 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 March 1986.

Defendant was charged in proper bills of indictment with two counts of second degree sexual offense. At trial, the State introduced evidence tending to show that on one occasion in late December 1982 and on another occasion in early January 1983, defendant forced his twelve-year-old daughter to engage in a sexual act with him. Defendant testified that he had never engaged in sexual acts with his daughter. Defendant was found guilty as charged. From a consolidated judgment imposing a prison sentence of twelve years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Marilyn R. Mudge, for the State.*

*Assistant Appellate Defender Leland Q. Towns for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns as error the trial court's denial of his motion to dismiss the charges. Defendant contends that the evidence was insufficient to show that he used force to commit the sexual offense. We disagree.

A person who engages in a sexual act with another person "[b]y force and against the will of the other person," is guilty of a second degree sexual offense. G.S. 14-27.5. Under our sexual offense statutes, actual physical force is not required to satisfy the statutory requirement that the act be committed by force and against the will of the victim; fear of serious bodily harm reasonably engendered by threats or other actions of a defendant and which causes the victim to consent, takes the place of force and negates the consent. *State v. Locklear,* 304 N.C. 534, 284 S.E. 2d 500 (1981).

In support of his argument that the evidence in this case is insufficient to show that he used force to commit the sexual acts, charged, defendant relies on *State v. Lester,* 70 N.C. App. 757, 321 S.E. 2d 166 (1984), *aff'd,* 313 N.C. 595 (1985), where this Court reversed the defendant's conviction of second degree rape. In that case, the defendant's daughter testified that she initially refused

to have intercourse with the defendant, but later complied because she could tell that he was getting angry. This Court held that although this evidence was sufficient to show that the acts of sexual intercourse between the defendant and his daughter were against her will, there was no evidence of actual or constructive force. Defendant's reliance on *Lester* is misplaced.

The evidence in the present case tends to show that defendant committed a sexual act with his daughter on two occasions. In reference to the first incident occurring in late December of 1982, the victim's mother testified that her daughter told her that she went into her father's room and that he "pulled her down on the bed and put his hand inside her panties and put his finger inside her." A detective with the New Hanover Sheriff's Department who interviewed the victim testified that she told him that on that occasion that when defendant put his finger in her vagina, she told him to stop, but he would not stop, and that he "had his arm on her and was holding her down" and "told her to shut up." In reference to the incident occurring in January of 1983, the victim told her mother that defendant "pulled her down on the bed and held her there and he . . . tried to have sex with her, but she moved and she got away from him and he pulled her back and put his finger inside of her this time too." The victim also told the detective that when defendant came into her room on that second occasion, she ran into another room and tried unsuccessfully to lock the door. Defendant came into the room, "forced her to lay down," and again committed the same sexual act with her. She again told him to stop but he refused. This evidence is sufficient to show that defendant used force to commit the sexual acts charged.

[2]  Defendant next contends that the trial court erred in allowing the victim's mother and the detective who interviewed the victim to testify about statements that the victim made to them. The evidence challenged by this argument was not objected to at trial. Defendant argues that the admission of this testimony constitutes plain error, entitling him to a new trial. We do not agree.

The plain error rule is defined as follows:

[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamen-*

*tal* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E. 2d 375, 378 (1983) (citation omitted).

The testimony of the victim's mother and the detective was clearly hearsay, but under the circumstances of this case, we are of the opinion that the trial court did not err in allowing its admission. *See, State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985). Assuming, however, that the admission of this testimony was error, it was not plain error within the meaning of *Odom*.

No error.

Judge WELLS concurs.

Judge MARTIN concurs in the result.

Judge MARTIN concurring in the result.

The testimony of the victim's mother and of the police officer as to statements which the victim made to them was the only evidence offered by the State which tended to show that defendant used force in committing these despicable acts. Their testimony as to the use of force did not corroborate the victim's trial testimony and, had objections been interposed, would not have been admissible under any exception to the hearsay rule, including G.S. 8C-1, Rule 803(24). However, "[e]vidence admitted without objection, though it should have been excluded had proper objection been made, is entitled to be considered for whatever probative value it may have." 1 Brandis on North Carolina Evidence § 27 at 99 (2d rev. ed. 1982). In ruling on a motion to dismiss, the court is to consider all of the evidence, including in-

competent evidence, in the light most favorable to the State. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). When the evidence relating to defendant's use of force is considered in light of these rules it is sufficient to withstand defendant's motion to dismiss.