STATE OF NORTH CAROLINA v. RONALD LEE MORRISON, A/K/A ROLAND LEE MORRISON

No. 8816SC909

(Filed 5 July 1989)

1. **Rape and Allied Offenses § 4.1— evidence of defendant's prior acts of sexual conduct—testimony of prosecutrix admissible**

In a prosecution for rape of a thirteen-year-old, the trial court did not err in allowing the prosecutrix to testify concerning prior acts of sexual conduct between her and defendant, since the testimony tended to illustrate defendant's opportunity to commit these acts and a plan to molest his girlfriend's daughter in her absence, both physical and constructive. N.C.G.S. § 8C-1, Rule 404(b).

2. **Rape and Allied Offenses § 5— constructive force—parent-child relationship shown—sufficiency of evidence**

In a prosecution for rape, constructive force could be inferred from evidence that defendant began living with the prosecutrix's family when she was eight; he assumed parental responsibilities, often babysitting the victim and her sister while their mother, his girlfriend, worked; the victim "adopted" defendant as her father and sat on his lap and called him "daddy"; the victim and defendant had both participated in this simulated parent-child relationship for four or five years when the acts of sexual intercourse between them began; the

STATE v. MORRISON

[94 N.C. App. 517 (1989)]

victim was thirteen when the act for which defendant was convicted occurred; and the victim had therefore known defendant as a father for one-third of her life when the incident of sexual intercourse was committed.

APPEAL by defendant from *Britt, Samuel E., Judge*. Judgment entered 10 December 1987 in Superior Court, ROBESON County. Heard in the Court of Appeals 21 March 1989.

Defendant was arrested pursuant to a magistrate's order charging him with first-degree rape. The grand jury returned a true bill of indictment sufficient to charge either first-degree or second-degree rape. Defendant was convicted of second-degree rape and was sentenced to the presumptive term of twelve years.

*Attorney General Lacy H. Thornburg, by Associate Attorney General H. Bright Lindler, for the State.*

*Huggins and Rogers, by D. Jeffrey Rogers, for defendant-appellant.*

JOHNSON, Judge.

The evidence adduced at trial tended to show that defendant moved into the home of prosecutrix's mother, which she shared with her two minor daughters, sometime in 1982 or 1983. When defendant began living with them, the prosecutrix was about eight years old. The prosecutrix and defendant developed a father-daughter relationship. Defendant would babysit for the children at times while the mother worked and he also assisted in parenting and disciplinary matters.

During the summer of 1987 when the prosecutrix was thirteen years old, defendant was the primary care giver for the two girls during the day while their mother worked. The prosecutrix testified that on Tuesday, 28 July 1987 she wore a nightgown and panties to bed. She awakened to find her panties pulled down and defendant on top of her with his penis inside her vagina. She testified further that he then had sexual intercourse with her, ejaculated, and told her that he would kill her if she ever told anyone. Defendant then took plaintiff to the bathroom and prepared a douche for her.

The prosecutrix also testified that on the following Saturday her aunt came over to her house to pick her up at around 3:30 p.m. She told her aunt what had happened between her and the

defendant. Prosecutrix's aunt then called the prosecutrix's mother and prosecutrix told her mother about the incident when she arrived. Over defendant's objection the prosecutrix testified that defendant had engaged in sexual relations with her about twenty times between 26 December 1986, when the first incident occurred, and 28 July 1987, when the incident for which defendant was convicted was committed.

Defendant testified in his own behalf and unequivocally denied ever having sex with his girlfriend's daughter. He testified that on the night in question, 28 July 1987, he was being driven around in his girlfriend's car by someone by the name of McNeill. Defendant further stated that his girlfriend's family did not like him, wanted his relationship with his girlfriend to end, and wanted to gain custody of the children.

[1] On appeal, defendant first argues that the trial court erred by allowing the prosecutrix to testify over his objection concerning prior acts of sexual conduct between the prosecutrix and defendant. He relies upon G.S. sec. 8C-1, Rule 404(b) to support his contention.

G.S. sec. 8C-1, Rule 404(b) provides the following:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

Our courts have been quite liberal in construing the noted exceptions to the general rule to admit evidence of similar sex offenses. *State v. Williams*, 303 N.C. 507, 279 S.E. 2d 592 (1981). It has also been consistently held that evidence of prior sexual activity between a defendant and a child victim is admissible when it is relevant to prove a fact in issue.

In *State v. Spaugh*, 321 N.C. 550, 364 S.E. 2d 368 (1988), the Court held that the child victim's testimony concerning her father's previous sexual activity with her was relevant and admissible where it clearly tended to establish that the defendant father often took advantage of her availability and vulnerability when she was left in his care. Also, in *State v. Oliver*, 85 N.C. App. 1, 354 S.E. 2d 527, *disc. rev. denied*, 320 N.C. 174, 358 S.E. 2d 64 (1987), the prosecuting witness was allowed to testify concerning other acts of

sexual abuse committed by her mother where the evidence tended to establish a common plan or scheme by defendant to sexually abuse her child. *See also State v. Boyd*, 321 N.C. 574, 364 S.E. 2d 118 (1988), and *State v. Jones*, 89 N.C. App. 584, 367 S.E. 2d 139 (1988).

In the case *sub judice* the prosecuting witness testified to the following concerning previous sexual activity between defendant and her.

Q. [Prosecutrix] before this night of July 28th, had Ronald Morrison ever felt of you before?

A. Yes.

Q. Do you recall when the first time was?

A. I don't remember the day, but my mother was outside and my sister was on her bike.

Q. Do you know approximately when it was?

A. No.

Q. Before the night of July 28, had he ever had sexual relations with you before?

A. Yes.

Q. Do you recall when the first time was that he had sexual relations with you?

A. The 26th of December.

Q. What year?

A. 1986.

Q. How do you remember the 26th of December?

A. Because that was the day before my birthday.

Q. What happened on that occasion?

A. He came into my room and pulled up my nightgown and pulled my panties off and stuck his penis in my vagina.

Q. Up until then had he ever felt of you or rubbed you in any way?

A. Yes.

**STATE v. MORRISON**

[94 N.C. App. 517 (1989)]

Q. Now, from the day before your birthday up until July 28, did he have sexual relations with you any other time?

MR. ROGERS: Object to leading.

THE COURT: Overruled.

A. Yes.

Q. Can you tell us about how many times he had sex relations with you from the 26th of December up until the 28th of July?

A. About twenty.

Q. Where would your mother be when this was going on?

A. In her room. She be a sleep.

Q. Was that on all occasions?

A. Most times she be gone.

Q. Pardon?

A. Most time she be gone.

. . .

Q. Did anything ever happen to you other than between you and Ronald other than having intercourse?

A. He told me to suck his penis one time.

Q. What day was that on?

A. August 1.

Q. Had he ever done that before?

A. No.

Q. Did he ever ask you to touch it?

A. Once.

Q. When was that?

A. When he was back in my room on the 28th of July.

The court allowed this testimony pursuant to the exception of G.S. sec. 8C-1, Rule 404(b). Because the testimony tended to illustrate defendant's opportunity to commit these acts, and a plan to molest his girlfriend's daughter in her *absence*, both physical

and constructive, we hold that the trial court committed no error in admitting this testimony as an exception included in G.S sec. 8C-1, Rule 404(b).

Next, defendant argues that the trial court erred by denying his motion to dismiss because the evidence was insufficient to establish each and every element of the offense charged. We cannot agree.

G.S. sec. 14-27.3(a) provides, in part, the following: "A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person: (1) By force and against the will of the other person; . . ." Defendant contends that the State failed to introduce evidence sufficient to establish the element of force. We note here that defendant has advanced two inconsistent theories of innocence. At trial he offered an alibi defense. He now argues that the requisite force necessary to sustain a conviction of second-degree rape was absent. Although he does not admit that he engaged in sexual intercourse with the prosecuting witness, an admission that sexual intercourse occurred necessarily precedes the "absence of force" argument. We will, however, analyze defendant's argument as presented.

The requisite force necessary to convict on a charge of rape may either be actual, physical force or constructive force in the form of fear, fright, or acts of coercion. *State v. Hines*, 286 N.C. 377, 211 S.E. 2d 201 (1975). Evidence of physical resistance is not necessary in our jurisdiction to show lack of consent by the victim. *State v. Hall*, 293 N.C. 559, 238 S.E. 2d 473 (1977). A threat of serious bodily harm which reasonably places fear in a person's mind is sufficient to demonstrate the use of force and the lack of consent. *State v. Burns*, 287 N.C. 102, 214 S.E. 2d 56, *cert. denied*, 423 U.S. 933 (1975).

[2] Defendant argues that the State failed to show either actual or constructive force and therefore his conviction cannot stand. He argues further that the reasoning of *State v. Etheridge*, 319 N.C. 34, 352 S.E. 2d 673 (1987), which infers constructive force in sexual offense cases involving a parent-child relationship, is inapplicable in the case *sub judice*. With this, we cannot agree.

In *Etheridge, supra*, where defendant was convicted of fifteen counts of various sex offenses committed against his minor son and daughter, the Court refused to apply the "general fear" theory of *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984), which

**STATE v. MORRISON**

[94 N.C. App. 517 (1989)]

held that "[a]lthough Brown's general fear of the defendant may have been justified by his conduct on prior occasions, absent evidence that the defendant used force or threats to overcome the will of the victim *to resist the sexual intercourse alleged to have been rape,* such general fear was not sufficient to show that the defendant used the force required to support a conviction of rape." *Id.* at 409, 312 S.E. 2d at 476. (Emphasis in original.)

The *Etheridge* Court held the following, and specifically overruled *State v. Lester,* 70 N.C. App. 757, 321 S.E. 2d 166, *aff'd per curiam,* 313 N.C. 595, 330 S.E. 2d 205 (1984), a case which applied the *Alston* general fear rationale to overturn defendant's conviction of the second degree rape of his daughter.

> We now disavow *Lester's* misapplication of the *Alston* "general fear" rationale to a case of intrafamilial sexual abuse. As we noted in *State v. Strickland,* 318 N.C. 653, 351 S.E. 2d 281 (1987), the "general fear" theory should be applied only to those situations which are factually similar to *Alston. Sexual activity between a parent and a minor child is not comparable to sexual activity between two adults with a history of consensual intercourse.* The youth and vulnerability of children, coupled with the power inherent in a parent's position of authority, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect the abuser's purpose.

*Etheridge, supra,* at 47, 352 S.E. 2d at 681. (Emphasis added.)

In the case *sub judice,* defendant was not a parent but was the live-in boyfriend of the prosecuting witness' mother. He began living with the family when the victim was only eight years old and he assumed parental responsibilities, often babysitting the victim and her sister while his girlfriend worked. The victim had no appreciable relationship with her biological father, so she "adopted" defendant as her father and sat on his lap and called him "daddy." She and defendant had both participated in this simulated parent-child relationship for four or five years when the acts of sexual intercourse between them began. The victim was thirteen years old when the act of intercourse for which defendant was convicted occurred. She had therefore known defendant as a father for one-third of her life when the incident of sexual intercourse was committed. This is ample time for the type of dominance and control stated in *Etheridge, supra,* to develop by a person

in defendant's position over a child in the prosecutrix's position. Constructive force could therefore be inferred from these circumstances.

We therefore find no reason to refuse to extend the *Etheridge* rationale to a situation of this nature merely because defendant was a parent neither in the biological nor the legal sense. His relationship with the victim encompassed nearly all the practical incidents of parenthood.

It is for the foregoing reasons that in the trial of defendant's case we find

No error.

Judges BECTON and ORR concur.