STATE OF NORTH CAROLINA v. HENRY CLARENCE PARKS

No. 8915SC291

(Filed 19 December 1989)

**1. Criminal Law § 51.1 (NCI3d); Rape and Allied Offenses § 4 (NCI3d) — experts in child sexual abuse — testimony admissible**

The trial court did not err in qualifying a child sexual abuse counselor and a social worker as experts in child sexual abuse and admitting their testimony where both witnesses testified to receiving advanced degrees in psychology and counselling, to having extensive experience in evaluating victims of child abuse, and to having testified on numerous occasions before the courts of this state as experts in the field of child sexual abuse; moreover, the witnesses explained to the jury in clear terms the accepted profile of indicators of child sexual abuse, how this profile was applied to evaluate the alleged victim in this case, and how the alleged victim's behavior was consistent with this profile, and such testimony was clearly instructive and helpful to the jury. N.C.G.S. § 8C-1, Rule 702.

**Am Jur 2d, Infants §§ 16, 17.5.**

**2. Criminal Law § 813 (NCI4th) — instruction on particular character trait not given — no error**

Although defendant presented character witnesses who testified that he was "an excellent father," he did not request a special jury instruction on this character trait, and the trial court therefore did not err in omitting such an instruction from its charge to the jury.

**Am Jur 2d, Trial § 794.**

**3. Rape and Allied Offenses § 5 (NCI3d) — constructive force — sufficiency of evidence**

There was sufficient evidence of threats and displays of force by defendant for the purpose of compelling the victim's

submission to sexual intercourse on the relevant dates to constitute constructive force within N.C.G.S. § 14-27.3 where the evidence tended to show that defendant told the victim that she would be sent away from home and would be sent to a place where people would have sex with her, and on another occasion defendant became violent, obtained a gun, and fired two shots in the house.

**Am Jur 2d, Rape §§ 4, 11.**

APPEAL by defendant from *Farmer, Robert L., Judge.* Judgment entered 7 October 1988 in ORANGE County Superior Court. Heard in the Court of Appeals 15 November 1989.

Defendant was indicted on two counts of second-degree rape in violation of N.C. Gen. Stat. § 14-27.3 and two counts of sexual activity by a substitute parent in violation of N.C. Gen. Stat. § 14-27.7. The evidence at trial tended to establish that in December 1987, the victim, age 15, her mother, her younger brother, and defendant resided together in a trailer in Orange County. On the morning of 18 December 1987, the victim was suspended from school for carrying a gun on the school bus. Defendant was called to take her home. Upon their arrival home, defendant became violent. He yelled at the victim and threw objects, including a telephone, about the trailer. Defendant ordered her to go into the bedroom, and repeatedly ordered her to undress. Defendant then undressed and engaged in sexual intercourse ,with her.

Two days later, defendant informed her that she was being sent to a psychiatrist and that she was not to talk about defendant's sexual conduct with her. He further told her that any statements which she made regarding such conduct would cause the authorities to send her away from home, to a place where the people would also have sex with her. As the victim became more frightened, defendant told her that "they would probably send [her] away. So . . . we would have to do it one more time before they sent [her] away." Defendant then undressed the victim and again engaged in sexual intercourse.

The evidence further tended to establish that defendant moved in with the victim's family when she was in the fifth grade and lived with them continuously thereafter. Although defendant and the victim's mother never married, defendant assumed a parental role in the family and was called "Dad" by the victim. Defend-

STATE v. PARKS

[96 N.C. App. 589 (1989)]

ant began having sexual intercourse with the victim when she was twelve years old. He was often violent and asserted a strict, domineering influence over her. On one prior occasion when the victim informed her mother of defendant's sexual conduct, defendant became violent, obtained a gun, went into the bathroom and fired two shots. The victim testified on cross-examination that on the morning she was suspended from school, she was carrying the gun "to commit suicide" because "[h]e [the defendant] was making me have sex with him."

Defendant was found guilty of all charges and was sentenced to twelve years' imprisonment for the two second-degree rape convictions, the judgments for these convictions being consolidated. In addition, the court imposed a consecutive term of four and one-half years' imprisonment for the two convictions of sexual activity by a substitute parent, the judgments for these convictions also being consolidated. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

WELLS, Judge.

We note at the outset that defendant failed to discuss his second, third, sixth, and eleventh assignments of error in the brief. These assignments of error are therefore deemed abandoned. N.C. R. App. P., Rule 28. We further note that defendant's discussion contained in part C, sections 3-4, of his first argument is directed to matters not properly preserved under N.C. Gen. Stat. § 15A-1446 and N.C. R. App. P., Rule 10. Therefore, we do not consider it. Defendant consolidates his remaining assignments of error into three arguments challenging respectively the court's qualifying two witnesses as expert witnesses, the court's failure to instruct the jury on a character trait of defendant, and the court's denial of defendant's motion to dismiss. We find no error.

[1] Defendant first challenges the court's qualification of two witnesses, a child sexual abuse counselor and a social worker, as experts in child sexual abuse. Defendant contends that the admission of their opinion testimony was error in that such testimony was of no assistance to the jury as a fact finder. We disagree.

Rule 702 of the North Carolina Rules of Evidence governs the admissibility of expert testimony. It states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

N.C. Gen. Stat. § 8C-1, Rule 702 (1988). Our courts construe this rule to admit expert testimony when it will assist the jury "in drawing certain inferences from facts, and the expert is better qualified than the jury to draw such inferences." *State v. Anderson*, 322 N.C. 22, 366 S.E.2d 459 (1988), *cert. denied*, --- U.S. ---, 109 S.Ct. 513 (1989) (citations omitted). A trial court is afforded wide latitude in applying Rule 702 and will be reversed only for an abuse of discretion. *Id.* Moreover, the determination whether the witness has the requisite level of skill to qualify as an expert witness is ordinarily within the exclusive province of the trial judge, and "[a] finding by the trial judge that the witness possesses the requisite skill will not be reversed on appeal unless there is no evidence to support it." *State v. Bullard*, 312 N.C. 129, 322 S.E.2d 370 (1984) (citation omitted).

Applying these standards to the record before us, we conclude that the trial court did not err in qualifying the witnesses as experts in child sexual abuse and admitting their testimony. Both witnesses testified to receiving advanced degrees in psychology and counselling, to having extensive experience in evaluating victims of child abuse, and to having testified on numerous prior occasions before the courts of this State as experts in the field of child sexual abuse. This evidence clearly suffices to support the trial court's determination that the witnesses possessed the requisite level of skill to qualify as experts in child sexual abuse. *State v. Bullard, supra.* Moreover, the witnesses explained to the jury, in clear terms, the accepted profile of indicators of child sexual abuse, how this profile was applied to evaluate the victim in this case, and how the victim's behavior was consistent with this profile. "The nature of the sexual abuse of children . . . places lay jurors at a disadvantage." *State v. Oliver*, 85 N.C. App. 1, 354 S.E.2d 527, *cert. denied*, 320 N.C. 174, 358 S.E.2d 64 (1987). The testimony under scrutiny here was clearly instructive and helpful to the jury. This assignment of error is overruled.

STATE v. PARKS

[96 N.C. App. 589 (1989)]

[2] Defendant next challenges the court's failure to instruct the jury on a pertinent character trait, namely, that he is "a good father," arguing that such failure constitutes plain error. It is axiomatic that "[a] prerequisite to . . . engaging in a 'plain error' analysis is the determination that the [action] complained of constitutes 'error' at all." *State v. Johnson*, 320 N.C. 746, 360 S.E.2d 676 (1987); *see also State v. Walker*, 316 N.C. 33, 340 S.E.2d 80 (1986) (and cases cited therein). "Evidence of the good character of the defendant . . . is a subordinate and not a substantive feature of the trial and the failure of the judge to charge the jury relative thereto will not generally be held for reversible error unless there be a request for such an instruction." *State v. Thompson*, 50 N.C. App. 484, 274 S.E.2d 381, *cert. denied*, 302 N.C. 633, 280 S.E.2d 448 (1981) (citation omitted). The record discloses that, although defendant presented character witnesses who testified that he is "an excellent father," he did not request a special jury instruction on this character trait. The court therefore did not err in omitting such an instruction from its charge to the jury, and a plain error analysis is consequently inapplicable. *State v. Johnson, supra.*

[3] Finally, defendant challenges the court's denial of his motion to dismiss the charge of second-degree rape in that the State failed to produce evidence sufficient to establish the element of force.

N.C. Gen. Stat. § 14-27.3 provides in pertinent part:

(a) A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:

(1) By force and against the will of the other person[.]

Constructive force in the form of fear, fright, or coercion suffices to establish the element of force in second-degree rape and may be demonstrated by proof of a defendant's acts which, in the totality of the circumstances, create the reasonable inference that the purpose of such acts was to compel the victim's submission to sexual intercourse. *See State v. Etheridge*, 319 N.C. 34, 352 S.E.2d 673 (1987) (and cases cited therein). Moreover, where explicit threats or displays of force are absent, constructive force may nevertheless be inferred from the "unique situation of dominance and control" which inheres in the parent-child relationship. *Id.* Finally, a parent-child relationship exists for purposes of a constructive force analysis under G.S. § 14-27.3 where the defendant's "relationship with the victim encompassed nearly all the practical incidents of parent-

hood," notwithstanding the absence of a biological or legal parent-child relationship. *State v. Morrison*, 94 N.C. App. 517, 380 S.E.2d 608 (1989).

Defendant's motion to dismiss for insufficiency of evidence to establish the element of force under G.S. § 14-27.3 raises the question of whether there is substantial evidence to support this element of the crime. In resolving this question, we must consider the evidence in the light most favorable to the State. *State v. Bates*, 313 N.C. 580, 330 S.E.2d 200 (1985). The State is also entitled to all reasonable inferences to be drawn from the evidence. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence supports a finding that the crime was committed, and that a defendant is the criminal agent, the case must be submitted to the jury. *Id.* The evidence need not exclude every reasonable hypothesis of innocence in order to support the denial of a defendant's motion to dismiss. *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982). This test for sufficiency of the evidence is the same for both direct and circumstantial evidence. *Id.*

The State contends that, in the present case, the requisite force may be inferred from the *de facto* parent-child relationship which existed between defendant and the victim. *See State v. Etheridge* and *State v. Morrison, supra.* We need not, however, reach this question. For measuring the State's evidence against the above standards, we conclude that there was sufficient evidence of threats and displays of force by defendant for the purpose of compelling the victim's submission to sexual intercourse on the relevant dates to constitute constructive force within G.S. § 14-27.3. Defendant's motion to dismiss was therefore properly denied.

For the reasons stated we find

No error.

Judges PHILLIPS and GREENE concur.