STATE OF NORTH CAROLINA v. ROBERT WILLIAM MARTIN, JR.

No. COA96-1136

(Filed 3 June 1997)

**1. Criminal Law § 183 (NCI4th Rev.)— diagnosed schizo-
phrenic—stopping of medications—competency to stand
trial**

Despite expert testimony that schizophrenics who stopped
medication could experience a return of symptoms which vary
with each individual, the trial court's determination that defend-
ant, a diagnosed schizophrenic who had stopped taking his psy-
chotropic medications, was competent to proceed with his trial
for rape was supported by a psychiatrist's testimony that defend-
ant's thought pattern was clear and cogent several days before
his competency hearing and the court's observation that defend-
ant understood the nature and proceedings against him.

**Am Jur 2d, Criminal Law §§ 95-97.**

**Competency to stand trial of criminal defendant diag-
nosed as "schizophrenic"—modern state cases. 33 ALR4th
1062.**

**2. Evidence and Witnesses § 516 (NCI4th)— second-degree
rape—evidence of victim's age—coercion or force**

In a prosecution for second-degree rape, it was not error for
the trial court to deny defendant's motion to suppress evidence
that the victim was thirteen years old at the time she was raped
because the victim's age was relevant to the element of coercion
or fear. Further, the jury could have inferred the victim's age from
her physical appearance and demeanor, and even without evi-
dence of the victim's age, the jury could have found from the vic-
tim's testimony that defendant acted forcefully and against the
victim's will.

**Am Jur 2d, Rape §§ 55, 57, 58.**

Appeal by defendant from judgment entered 29 February 1996 by
Judge W. Steve Allen in Randolph County Superior Court. Heard in
the Court of Appeals 1 May 1997.

*Michael F. Easley, Attorney General, by Lisa Granberry Corbett, Assistant Attorney General, for the State.*

*Scott N. Dunn for defendant-appellant.*

WYNN, Judge.

Defendant Robert William Martin, Jr. was indicted for first degree rape on 5 December 1994. A competency hearing was held on 14 February 1996 at which time the court found defendant fit to stand trial. On the date of the trial, 26 February 1996, defendant moved to be re-evaluated for his capacity to proceed. Defendant, a diagnosed schizophrenic, had stopped taking his psychotropic medications after the 14 February 1996 hearing; at the time of the trial on 26 February 1996, the only medication which defendant was willing to take was Trazedone, an antidepressant medication to help him sleep.

At this second competency hearing, defendant was once again found competent to stand trial. A jury subsequently found defendant guilty of second degree rape and the trial court sentenced him to an active sentence of 122-144 months. Defendant now appeals to this Court.

I.

[1] Defendant first contends the trial court erred in finding that he was competent to proceed since he was no longer taking his psychotropic medication as of 27 February 1996. We disagree.

When the court conducts an inquiry into a defendant's mental capacity to stand trial, the court's findings of fact, if supported by evidence, are conclusive on appeal. *State v. Willard*, 292 N.C. 567, 575, 234 S.E.2d 587, 592 (1977).

Defendant notes that at his second competency hearing, Dr. Billy Royal testified that taking a schizophrenic off his psychotropic medication would lead to a return of his symptoms (e.g., thought disorders, delusions or thought-blocking). Indeed, defendant presented evidence that he appeared disorganized in the days before his trial. Nonetheless, Dr. Royal also testified that the amount of time it takes for schizophrenic symptoms to return varies with each individual. Moreover, the trial court's determination that defendant was competent to stand trial was supported by the testimony of Dr. Nathan Stahl, a psychiatrist at Central Prison, who testified that he spoke to defendant one or two days before this most recent competency hear-

ing and found "his thought pattern and directiveness of thought were clear and cogent." The record shows that the court also based its decision on defendant's demeanor during the proceedings:

> The defendant still appears at this time to be rational in his conduct and he is aware that he has a choice not to take the medication. Defendant has indicated to the doctor . . . that the reason he doesn't want to take medication at this time is because of nauseous side effects, that this is a rational comprehension of his situation. *The court has also had the opportunity to observe the defendant's interrelationship with his attorney in the courtroom during the course of the presentation of this motion. Based upon these observations of the defendant, the defendant does seem to understand the nature and proceedings against him.* (emphasis added).

Under these circumstances we find that the trial court's determination is sufficiently supported by evidence in the record and therefore, is conclusive on appeal.

## II.

[2] Defendant next contends the trial court erred in denying his motion to suppress evidence that the prosecuting witness was 13 years old at the time the crime occurred (she was 15 at the time of the trial). Defendant asserts that age is not a factor in proving that he was guilty of second-degree rape and therefore the victim's age should have been suppressed as irrelevant and unfairly prejudicial. We disagree.

The crime of second degree rape consists of engaging in vaginal intercourse, *by force* and against the will of the other person. N.C. Gen. Stat. § 14-27.3 (1993). The element of force can be shown to be constructive force in the form of fear, fright, or coercion. *State v. Parks*, 96 N.C. App. 589, 593, 386 S.E.2d 748, 751 (1989).

In the instant case, defendant asserted that because the victim did not scream or struggle, she consented to him having sex with her. Clearly, evidence of the victim's age was relevant for the jury to consider in determining whether the element of coercion or fear was present. Moreover, even without the evidence of the victim's age, the jury could have found from all the evidence that the act was committed by force against the victim's will, based solely upon her testimony. N.C. Gen. Stat. § 15A-1443 (1988) (defendant has the burden of proving that "there is a reasonable possibility that, had the error in ques-

tion not been committed, a different result would have been reached at trial."). Furthermore, the jury could have inferred the victim's age from her physical appearance, as well as her demeanor on the stand.

We have carefully reviewed defendant's remaining assignment of error and find that it is without merit.

In sum, we find that defendant received a trial free from prejudicial error.

No error.

Judges GREENE and TIMMONS-GOODSON concur.