ZACHARY, Judge.
Defendant-father appeals from trial court's order awarding primary physical custody of the parties' child during the school year to Plaintiff-mother. After careful review, we affirm in part, vacate in part, and remand.
I. Background
Defendant-father Chris Roten and Plaintiff-mother Melissa Dyer are the parents of a daughter, born August 2010. The Mother and Father ended their relationship in 2013. Pursuant to the parents' own cooperative arrangement, the Father and the Mother shared equal physical custody of their child for the first year and a half following the parties' separation. However, on 21 September 2015, the Mother filed a complaint seeking sole legal and physical custody of the child, together with child support. The Father counterclaimed seeking the same. On 10 August 2016, the trial court entered a temporary order granting the parents temporary joint legal and physical custody of the child, with physical custody alternating on a weekly basis. This temporary arrangement was in place for roughly six months-during which time the child was in school-until the trial court entered a final custody order on 12 January 2017.
The final custody order granted the parents joint legal and physical custody of the child. However, the trial court awarded primary physical custody of the child to the Mother during the school year, with the Father receiving visitation every other weekend. The trial court ordered that the parents alternate physical custody of the child on a weekly basis during the summer months. The Father timely filed notice of appeal.
On appeal, the Father argues (1) that the trial court erred in awarding the Mother primary physical custody of the child during the school year because the trial court's findings were insufficient to support that limitation on the Father's visitation, and (2) that the trial court erred in declining to qualify one of the Father's witnesses at the custody hearing as an expert in the field of investigation.
II. Final Custody Order
Pursuant to N.C. Gen. Stat. § 50-13.2, a trial court shall award custody "as will best promote the interest and welfare of the child." N.C. Gen. Stat. § 50-13.2(a) and (b) (2017). "The 'welfare of the child is the paramount consideration which must guide the Court' in its decision." Witherow v. Witherow , 99 N.C. App. 61, 63, 392 S.E.2d 627, 629 (1990) (quoting Blackley v. Blackley , 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974) ) (alterations omitted). "The judgment of the trial court should contain findings of fact which sustain the conclusion of law that custody of the child is awarded to the person who will best promote the interest and welfare of the child." Green v. Green , 54 N.C. App. 571, 572, 284 S.E.2d 171, 173 (1981) (citation omitted). Likewise, "[j]oint custody and any other custody award must include findings of fact which support such a determination of the child's best interests." Witherow , 99 N.C. App. at 63, 392 S.E.2d at 629. "These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child." Steele v. Steele , 36 N.C. App. 601, 604, 244 S.E.2d 466, 468 (1978).
Our review of a trial court's custody order is limited to an examination of "the trial court's findings of fact to determine whether they are supported by substantial evidence[,]" and whether those findings of fact in turn support the trial court's conclusions of law. Shipman v. Shipman , 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) (citing Pulliam v. Smith , 348 N.C. 616, 625, 501 S.E.2d 898, 903 (1998) ). When such is the case, the trial judge's decision may not be disturbed on appeal absent "a clear showing of abuse of discretion." Dixon v. Dixon , 67 N.C. App. 73, 76, 312 S.E.2d 669, 672 (1984) (citation and quotation marks omitted). Nevertheless, a custody order will be "fatally defective [if] it fails to make detailed findings of fact from which [this Court] can determine that the order is in the best interest of the child [.]" Id. at 76-77, 312 S.E.2d at 672 (citing Swicegood v. Swicegood , 270 N.C. 278, 154 S.E.2d 324 (1967) ). "[C]ustody orders are routinely vacated where the 'findings of fact' consist of mere conclusory statements ... that it will be in the best interest of the child to award custody to [a party]." Id. at 77, 312 S.E.2d at 672 (citing Hunt v. Hunt , 29 N.C. App. 380, 224 S.E.2d 270 (1976) and Austin v. Austin , 12 N.C. App. 286, 183 S.E.2d 420 (1971) ).
In the present case, the trial court made the following relevant findings of fact:
4. That both [the Mother] and [the Father] have provided a suitable environment that is conducive to the best interest and welfare of the minor child.
5. That both [the Mother] and [the Father] are fit and proper people to have the care, custody and control of the minor child and it would be in the child's best interest and welfare that her custody be placed jointly physically and legally, with both parents.
6. However, in the interest of keeping the minor child in one place during the school year, the physical custody of the minor child shall be with [the Mother] during the school year.
Based solely on these findings of fact, the trial court concluded that "It is proper to enter a permanent custody order ...," and ordered that, inter alia , "[the Mother] shall have primary physical custody of the minor child during the school year and [the Father] shall have visitation on alternate weekends [.]" However, the trial court's findings of fact do not support this conclusion.
The findings must be sufficiently detailed to support the trial court's determination of the child's best interest. In the present case, the findings fail to demonstrate why it would be in the child's best interest to be "in one place during the school year," particularly when the child had done well with an equal shared custody arrangement while attending school. E.g. , Dixon , 67 N.C. App. at 77, 312 S.E.2d at 672 ("A custody order may contain extensive findings of fact and still be fatally defective-when the findings of fact are not supported by the evidence."). The finding that there is an "interest [in] keeping the minor child in one place during the school year" must be supported by evidence of the child's particular and individualized circumstances. Montgomery v. Montgomery , 32 N.C. App. 154, 158, 231 S.E.2d 26, 29 (1977).
Assuming, arguendo , that there is an "interest [in] keeping the minor child in one place during the school year," that finding of fact alone does not in turn support the conclusion that it is in the child's best interest to be in the custody of the Mother, rather than the Father, during such time. The order fails to provide any findings in support of such a conclusion. E.g. , Dixon , 67 N.C. App. at 77, 312 S.E.2d at 672 (citation omitted) ("A custody order will also be vacated where the findings of fact are too meager to support the award."). There certainly may be substantial evidence in the present case to support a conclusion that it is in the child's best interest to live with the Mother rather than the Father during the school year. However, this Court cannot properly afford discretion to the trial court's determination to that effect without being privy to what those circumstances are. Montgomery , 32 N.C. App. at 158, 231 S.E.2d at 29 (citation omitted) ("Without such findings and conclusions, it cannot be determined whether or not the judge correctly found the facts or applied the law thereto."). This is particularly true where the trial court found "[t]hat both [the Mother] and [the Father] have provided a suitable environment that is conducive to the best interest and welfare of the minor child," during which time the child was in school and the parents shared physical custody of the child.
Accordingly, because the findings do not support the conclusion that there is an "interest of keeping the minor child in one place during the school year," and because the findings fail to demonstrate that the Mother is better equipped to care for the child during that time than is the Father, we vacate that portion of the trial court's order and remand for additional findings of fact and conclusions of law. If the trial court again determines that there is an interest in keeping the child in one place during the school year, then the order must include findings demonstrating that to be the case, as well as findings tending to show why one parent would better serve that interest than the other. Otherwise, there is no way for this Court to determine whether the trial court abused its discretion in so concluding.
III. Expert Opinion Testimony
Prior to the custody hearing, the Father hired Jeffrey R. Baker, a private investigator, to determine whether there were any "goings-on" at the Mother's home that might be a cause for concern. The Father was suspicious because he had seen numerous vehicles arriving at the Mother's home and leaving after just a few minutes. Mr. Baker testified that he had an associate's degree in criminal justice, a bachelor's degree in psychology and sociology, and a graduate certificate in forensic psychology. In addition, he had been employed as a vice and narcotics detective for the Mecklenburg Police Department as well as with the FBI for five years in the organized crime unit. Based on Mr. Baker's education and experience, the Father's trial counsel tendered him to the court as an expert in investigations. The trial court reluctantly permitted Mr. Baker to testify about the details of his observations. Mr. Baker testified that when he was surveilling the Mother's home, he saw three visitors arrive at the residence, go onto the front porch, and then depart. None of the visitors stayed longer than three minutes.
However, when trial counsel asked Mr. Baker, "In your professional opinion, what was happening on these three encounters [at the Mother's home,]" the trial court did not allow Mr. Baker to state his opinion.
On appeal, the Father argues that, in light of Mr. Baker's qualifications, the trial court erred in not permitting Mr. Baker to give his professional opinion as to the purpose of the various visitors at the Mother's home. We find no error.
Under Rule 702 of the North Carolina Rules of Evidence, "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto[.]" N.C. Gen. Stat. § 8C-1, Rule 702(a) (2017). "Our courts construe this rule to admit expert testimony when it will assist the jury 'in drawing certain inferences from facts, and the expert is better qualified than the jury to draw such inferences.' " State v. Parks , 96 N.C. App. 589, 592, 386 S.E.2d 748, 750 (1989) (quoting State v. Anderson , 322 N.C. 22, 28, 366 S.E.2d 459, 463, cert. denied , 488 U.S. 975, 102 L.Ed. 2d 548 (1988) ). A trial court may prohibit a witness from offering an expert opinion on an issue if the finder of fact is just as capable of evaluating the evidence "because such is a matter of common knowledge." Warren v. GMC , 142 N.C. App. 316, 320, 542 S.E.2d 317, 319 (2001). Moreover, when the basis of an expert's opinion would be based purely on speculation-even though supported by specialized knowledge-such an opinion should be excluded as it would not assist the trier of fact in understanding the evidence. See State v. Clark , 324 N.C. 146, 160, 377 S.E.2d 54, 62-63 (1989).
"[T]rial courts are afforded 'wide latitude of discretion' " in deciding the "preliminary questions concerning ... the admissibility of expert testimony" under Rule 702. Howerton v. Arai Helmet, Ltd. , 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004) (quoting State v. Bullard , 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984) ) (other citations omitted); Parks , 96 N.C. App. at 592, 386 S.E.2d at 750. "Given such latitude, it follows that a trial court's ruling on ... the admissibility of an expert's opinion will not be reversed on appeal absent a showing of abuse of discretion." Howerton , 358 N.C. at 458, 597 S.E.2d at 686 (citations omitted).
Applying these standards, we conclude that the trial court did not abuse its discretion in declining to allow Mr. Baker to testify as to his expert opinion on the inference to be drawn from his observations of the Mother's home. Contrary to the Father's contentions, it does not appear that the trial court was under the misapprehension that it did not have the discretion to qualify Mr. Baker as an expert. Rather, after hearing Mr. Baker's testimony regarding his observations at the Mother's home, the trial court declined to allow Mr. Baker to offer an opinion on the inference to be drawn from those facts. Mr. Baker had fully described the details of his observations-there were numerous visitors to the front porch of the Mother's home for short periods of time-and it is apparent from the transcript that the trial court was perfectly able to understand the inference to be drawn from Mr. Baker's testimony without the assistance of his specialized knowledge. N.C. Gen. Stat. § 8C-1, Rule 702(a) (2017) ; see e.g. , State v. Braxton , 352 N.C. 158, 198, 531 S.E.2d 428, 452 (2000). Moreover, Mr. Baker was not better qualified than the finder of fact in the instant case-a district court judge who is regularly exposed to similar information and the implications thereof-to draw the appropriate inferences from such observations. Parks , 96 N.C. App. at 592, 386 S.E.2d at 750 (citation and quotation marks omitted).
Accordingly, because Mr. Baker's opinion would not have assisted the trial court in drawing inferences from his observations, we conclude that the trial court did not abuse its discretion when it did not allow Mr. Baker to testify as to his expert opinion of the purpose of the various visitors to the Mother's home.
IV. Conclusion
For the limited reasons explained herein, the trial court's custody order is affirmed in part, vacated in part, and remanded for additional findings of fact and conclusions of law.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
Report per Rule 30(e).
Judges HUNTER and DIETZ concur.