STATE OF NORTH CAROLINA v. LONNIE DWAYNE O'NEAL

No. 9119SC940

(Filed 19 January 1993)

1. **Arrest and Bail § 151 (NCI4th) — pretrial release — written record for basis not required**

    The law concerning pretrial release does not require a written record by the judicial official imposing pretrial release, though it does require the official to consider specific factors in determining which condition is appropriate for a particular defendant. N.C.G.S. § 15A-534.

    **Am Jur 2d, Bail and Recognizance § 7; Criminal Law § 419.**

    **Application of state statutes establishing pretrial release of accused on personal recognizance as presumptive form of release. 78 ALR3d 780.**

2. **Arrest and Bail § 196 (NCI4th) — amount of bond not excessive**

    A $50,000 secured bond was not excessive and violative of defendant's constitutional rights where defendant was arrested for selling cocaine to an undercover detective; his bond

STATE v. O'NEAL

[108 N.C. App. 661 (1993)]

had been reduced on one occasion; the "Official Policies on Pretrial Release" provided only suggested bonds, not mandatory guidelines for determining the amount of a bond; and nothing in the record indicated that the trial judge abused his discretion in refusing to further reduce the bond.

**Am Jur 2d, Bail and Recognizance §§ 73, 77, 84.**

**Supreme Court's construction and application of provision of Federal Constitution's Eighth Amendment that excessive bail shall not be required. 95 L. Ed. 2d 1010.**

3. **Constitutional Law § 367 (NCI4th)— consecutive sentences for maximum terms—no cruel and unusual punishment**

Consecutive sentences for the maximum term for each of two convictions did not constitute cruel and unusual punishment.

**Am Jur 2d, Criminal Law § 629.**

Appeal by defendant from Judgment entered 2 January 1991 in Cabarrus County Superior Court by Judge James C. Davis. Heard in the Court of Appeals 12 November 1992.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Robert R. Gelblum, for the State.*

*Plummer, Belo & Russell, P.A., by Vernon A. Russell, for defendant-appellant.*

WYNN, Judge.

The defendant was arrested on 4 June 1990 on two counts of Possession With Intent to Sell or Deliver Cocaine, two counts of Sale or Delivery of Cocaine, and two counts of Conspiracy to Sell or Deliver Cocaine. Bail was originally set at $75,000, secured, and later, pursuant to a motion by the defendant on 9 July 1990, was reduced to $50,000, secured. The defendant was unable to post the required bond and, therefore, made subsequent motions to have his bond reduced further, alleging that his incarceration interfered with his ability to develop his defense. These motions were denied and, consequently, the defendant remained incarcerated under the $50,000 secured bond until trial on 2 January 1991.

A jury found the defendant guilty of Possession With Intent to Sell or Deliver less than one gram of Cocaine and Sale or Delivery of less than one gram of Cocaine. He was sentenced to two consecutive ten-year prison terms and fined $20,000.

## I.

The defendant first assigns error to the amount of bail set as a condition of his pretrial release, alleging that it was excessive and his motions to reduce it should have been allowed. In support of this contention he argues that A) the trial court improperly applied the law concerning pretrial release, and B) the amount of the bond violated both the North Carolina and United States Constitutions. We disagree.

## A. The Law Concerning Pretrial Release

[1] Defendants who are charged with noncapital offenses "must have conditions of pretrial release determined, in accordance with G.S. 15A-534." N.C. Gen. Stat. § 15A-533(b) (1988). Section 15A-534 requires the judicial official who is determining pretrial release to impose one of four conditions:

(1) Release the defendant on his written promise to appear.

(2) Release the defendant upon his execution of an unsecured appearance bond . . . .

(3) Place the defendant in the custody of a designated person or organization agreeing to supervise him.

(4) Require the execution of an appearance bond in a specified amount secured by a cash deposit . . ., by a mortgage . . ., or by at least one solvent surety.

*Id.* § 15A-534(a)(1-4) (1992). If the judicial official imposes the fourth option, a secured bond, he must first determine that the other options "will not reasonably assure the appearance of the defendant as required; will pose a danger of injury to any person; or is likely to result in destruction of evidence, subornation of perjury, or intimidation of potential witnesses." *Id.* § 15A-534(b). The statute further requires the judicial official to consider the following in determining which of the four conditions is appropriate for a particular defendant:

the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's family

ties, employment, financial resources, character, and mental condition; whether the defendant is intoxicated to such a degree that he would be endangered by being released without supervision; the length of his residence in the community; his record of convictions; his history of flight to avoid prosecution or failure to appear at court proceedings; and any other evidence relevant to the issue of pretrial release.

*Id.* § 15A-534(c). While it is clear from the statute that the judicial official imposing pretrial release must consider these factors, it is less certain what record he must make of his considerations. In *State v. Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988), the record appears to have contained specific findings of fact by the trial court regarding the conduct of the magistrate in setting bail. Based on these findings, our Supreme Court concluded that the statute had been violated to the detriment of the defendants. *Id.* at 545-47, 369 S.E.2d at 564-65. This Court, in *State v. Overton*, 60 N.C. App. 1, 298 S.E.2d 695 (1982), *disc. rev. denied, appeal dismissed*, 307 N.C. 580, 299 S.E.2d 652, 307 N.C. 581, 299 S.E.2d 652, and 307 N.C. 581, 299 S.E.2d 653 (1983), noted that the judicial official determining the conditions of pretrial release was required to consider the factors in N.C. Gen. Stat. § 15A-534(c), but made no indication that a *written* record of that consideration existed, nor that the lack of such a writing would warrant the conclusion that the factors had not been properly considered. *Id.* at 32-33, 298 S.E.2d at 714 (based on the statutory factors, $1 million bail was not unreasonable for conspiracy to manufacture, to sell or deliver, or to possess heroin).

The only statutory reference to a written record provides that a judicial official who determines that a secured bond is the appropriate condition of pretrial release is required to record his reasons for making such a determination "in writing *to the extent provided in the policies or requirements issued by the senior resident superior court judge* pursuant to G.S. 15A-535(a)." N.C. Gen. Stat. § 15A-534(b) (emphasis added). Section 15A-535(a) requires each senior resident superior court judge to "devise and issue recommended policies to be followed . . . in determining whether, and upon what conditions, a defendant may be released before trial . . . . " *Id.* § 15A-535(a). The statute does not require these policies to mandate a written record of the reasons a secured bond was imposed, but rather that the senior resident superior court judge "*may* include in such policies, or issue separately, a requirement

STATE v. O'NEAL

[108 N.C. App. 661 (1993)]

that each judicial official who imposes condition (4) in G.S. 15A-534(a) must record the reasons for doing so in writing." *Id.* (emphasis added).

The defendant in the present case correctly asserts that the record is devoid of any written findings regarding the imposition of the secured bond, and there is no indication that the trial judge considered the factors in N.C. Gen. Stat. § 15A-534(c) when he established the conditions of the defendant's pre-trial release. The "Official Policies on Pretrial Release" relevant to the present case, however, require no written record of the reasons for imposing a secured bond, and, thus, no such record exists for our review. Moreover, section 15A-534(c) requires the judicial official to consider the factors listed but does not require him to keep a written record of such consideration. We are, therefore, not willing to conclude, as the defendant contends, that the absence of such findings in the record indicates noncompliance with the statute. The defendant offers only the trial judge's comments at a pretrial hearing on 4 December 1990 in support of his contention that the trial judge failed to consider all required statutory factors when ruling on the defendant's motions to reduce his bond. These comments were made as a result of the judge's decision that the defendant had not been deprived of his constitutional right to a speedy trial. Neither the transcript from that hearing, nor anything else in the record, indicates that the judge *did not* consider the appropriate factors in either the initial establishment of the bond, in the later modification, or in subsequent refusals to modify. Absent some evidence to the contrary from the defendant, we must conclude that the law relating to pretrial release was properly applied to him.

## B. Constitutional Prohibition Against Excessive Bail

[2] The defendant also argues that the bond violates the North Carolina and United States Constitutions. Both provide that "[e]xcessive bail shall not be required." N.C. Const., Art. 1, sec. 27; U.S. Const., 8th Amend. The defendant contends that because the $50,000 secured bond was higher than would have been calculated according to the recommendations in the "Official Policies on Pretrial Release" it was higher than necessary to reasonably assure the defendant's appearance and, therefore, necessarily violated his constitutional rights. The "Official Policies on Pretrial Release," however, provide *suggested* bonds, not mandatory guidelines for determining

the amount of a bond. In fact, the "Official Policies on Pretrial Release" specifically state that "[t]he circumstances of each individual case will govern each decision; and the magistrate will select a bond amount that is appropriate and indicated by using the same [criteria set forth in N.C. Gen. Stat. § 15A-534(c)] used to determine the form of release." Again, the defendant points to no evidence in the record, nor does this Court find any, in support of his contention that the statutory criteria were not considered in setting the amount of the bond.

In *State v. Jones*, 295 N.C. 345, 245 S.E.2d 711 (1978), our Supreme Court determined that a $30,000 appearance bond did not violate the Constitutional provision against excessive bail where the defendant was charged with armed robbery and, if convicted, faced a sentence of at least five years in prison and at most life imprisonment. The *Jones* Court recognized that $30,000 was much higher than the usual bond in such cases but cited the evidence in the case, two eyewitnesses to the crime and the defendant's possession of the fruits of the robbery, and the fact that the bond had been reduced twice pursuant to earlier motions by the defendant, in determining that the motion to reduce the bond had been given fair consideration and was not arbitrarily denied. *Id.* at 355-56, 245 S.E.2d at 717. The defendant in the present case was arrested for selling cocaine to an undercover detective and his bond had been reduced on one prior occasion. Nothing in the record indicates that the trial judge abused his discretion in refusing to further reduce the bond. We, therefore, find no basis upon which to conclude the $50,000 bond was excessive and violative of the defendant's constitutional rights.

Moreover, while the defendant asserts that "his inability to meet the bond requirements imposed by the court substantially interfered with the preparation of a defense to the charge against him," such a claim of prejudice "will not be sustained on mere 'unsupported and conclusory allegations.' " *Id.* (quoting *McCabe v. North Carolina*, 314 F.Supp. 917 (M.D.N.C. 1970) ). Thus, even assuming *arguendo* that the law of pretrial release was not properly applied to the defendant's case or that the amount of his bond exceeded constitutional limits, the defendant would still not be entitled to have his conviction overturned. The defendant having set forth no support for his contentions in the record, this Court is required to overrule his assignment of error.

STATE v. O'NEAL

[108 N.C. App. 661 (1993)]

II.

[3] The defendant also assigns error to the sentence imposed by the trial court, alleging that consecutive sentences for the maximum term for each conviction constitutes cruel and unusual punishment. We disagree. There is ample case law to support such sentencing by the trial court. "[S]entences that are within the statutory limits and impose consecutive sentences do not constitute cruel and unusual punishment." *State v. Handsome*, 300 N.C. 313, 317, 266 S.E.2d 670, 674 (1980) (defendant sentenced to life for kidnapping, twenty years for assault with intent to kill inflicting serious bodily injury and not less than ten years, nor more than fifty years for robbery with a firearm, the latter two sentences to begin upon completion of the life sentence). The defendant in the case at bar received sentences that were within the relevant statutory limits. *See* N.C. Gen. Stat. §§ 90-95(b)(1), 14-1.1(a)(8). There is, therefore, no merit to his contention that the sentences constitute cruel or unusual punishment. This assignment of error is overruled.

The defendant failed to address his remaining assignment of error in his brief. This Court, therefore, deems it abandoned.

For the foregoing reasons we find

No Error.

Judges GREENE and WALKER concur.

Judge WALKER concurred in this opinion prior to 8 January 1993.