ARROWOOD, Judge.
 

 *375
 
 Kelly Locklear ("defendant") appeals from judgments entered on her convictions for obtaining property by false pretense and insurance fraud. For the following reasons, defendant is entitled to a new trial.
 

 I.
 
 Background
 

 On 10 October 2011, defendant was indicted by a Robeson County Grand Jury on charges of occupant or owner setting fire to a dwelling house,
 
 *200
 
 making a false report to a law enforcement officer or agency, insurance fraud, and obtaining property by false pretense. The charges stem from a fire at defendant's house on 5 March 2010 and defendant's ensuing insurance claims.
 

 Defendant's case was tried before a jury in Robeson County Superior Court beginning on 18 April 2016, the Honorable James G. Bell, Judge presiding. On 2 May 2016, the jury returned verdicts finding defendant not guilty of setting fire to a dwelling house and making a false report to a law enforcement officer and finding defendant guilty of obtaining property by false pretense and insurance fraud. The court entered orders on the not guilty verdicts and entered judgments on the guilty verdicts. For both convictions, the court determined mitigated sentences were justified. The court sentenced defendant to a term of 5 to 6 months for obtaining property by false pretense and suspended the sentence on condition that defendant be placed on supervised probation for 36 months. The trial court sentenced defendant to a consecutive term of 5 to 6 months for insurance fraud and suspended the sentence on condition that defendant be placed on supervised probation for 36 months. On 11 May 2016, defendant filed a
 
 pro se
 
 notice of appeal, followed by a
 
 pro se
 
 amended notice of appeal.
 

 II.
 
 Discussion
 

 On appeal, defendant challenges her convictions by raising three issues concerning the trial court's jury instructions and one issue concerning the trial court's response to a jury question. However, before reaching defendant's arguments, we must first address deficiencies in defendant's notices of appeal.
 

 Pertinent to this case, Rule 4 of the North Carolina Rules of Appellate Procedure provides that
 

 *376
 
 [a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by ... filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order....
 

 N.C.R. App. P. 4(a)(2) (2018). Rule 4 further provides
 

 [t]he notice of appeal required to be filed and served by subdivision (a)(2) of this rule shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be signed by counsel of record for the party or parties taking the appeal, or by any such party not represented by counsel of record.
 

 N.C.R. App. P 4(b).
 

 In this case, there is nothing in the record to show that defendant served her
 
 pro se
 
 notices of appeal on the State. Furthermore, although defendant listed case numbers in the notices of appeal, defendant failed to indicate the judgments appealed from. Defendant has candidly acknowledged these deficiencies in a petition for writ of certiorari filed contemporaneously with her brief to this Court on 13 October 2017. Defendant requests that, if the deficiencies are fatal to her appeal, we allow the petition to reach the merits of her arguments.
 

 Our appellate rules provide that "[t]he writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action...." N.C.R. App. P. 21(a)(1) (2018). The State acknowledges that this Court has discretion to allow defendant's petition to review the judgments entered 2 May 2016. In this instance, we exercise our discretion to allow defendant's petition and we review the merits of the appeal.
 

 A.
 
 Jury Instructions
 

 The first three issues raised by defendant concern the trial court's jury instructions. "It is the duty of the trial court to instruct the jury on all substantial features of a case raised by the evidence."
 
 State v. Shaw
 
 ,
 
 322 N.C. 797
 
 , 803,
 
 370 S.E.2d 546
 
 , 549 (1988). "[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed
 
 de novo
 
 by this Court."
 
 State v. Osorio
 
 ,
 
 196 N.C. App. 458
 
 , 466,
 
 675 S.E.2d 144
 
 , 149 (2009) ;
 
 see also
 

 *377
 

 State v. Barron
 
 ,
 
 202 N.C. App. 686
 
 , 694,
 
 690 S.E.2d 22
 
 , 29, ("Whether a jury instruction correctly explains the law is a question of law, reviewable by this Court
 
 de novo
 
 ."),
 
 disc. review denied,
 

 364 N.C. 327
 
 ,
 
 700 S.E.2d 926
 
 (2010). "The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence."
 
 State v. Cameron
 
 ,
 
 284 N.C. 165
 
 , 171,
 
 200 S.E.2d 186
 
 , 191 (1973),
 
 cert. denied
 
 ,
 
 *201
 

 418 U.S. 905
 
 ,
 
 94 S.Ct. 3195
 
 ,
 
 41 L.Ed.2d 1153
 
 (1974). "[A] trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial."
 
 Id
 
 . "However, an error in jury instructions is prejudicial and requires a new trial only if 'there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.' "
 
 State v. Castaneda
 
 ,
 
 196 N.C. App. 109
 
 , 116,
 
 674 S.E.2d 707
 
 , 712 (2009) (quoting N.C. Gen. Stat. § 15A-1443(a) (2007) ).
 

 Moreover, "[a] party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires...." N.C.R. App. P. 10(a)(2) (2018);
 
 see also
 

 State v. McNeil
 
 ,
 
 350 N.C. 657
 
 , 691,
 
 518 S.E.2d 486
 
 , 507 (1999),
 
 cert. denied
 
 ,
 
 529 U.S. 1024
 
 ,
 
 120 S.Ct. 1432
 
 ,
 
 146 L.Ed.2d 321
 
 (2000).
 

 In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.
 

 N.C.R. App. P. 10(a)(4) ;
 
 see also
 

 State v. Goss
 
 ,
 
 361 N.C. 610
 
 , 622,
 
 651 S.E.2d 867
 
 , 875 (2007),
 
 cert. denied
 
 ,
 
 555 U.S. 835
 
 ,
 
 129 S.Ct. 59
 
 ,
 
 172 L.Ed.2d 58
 
 (2008). The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve ... errors in the judge's instructions to the jury...."
 
 State v. Gregory
 
 ,
 
 342 N.C. 580
 
 , 584,
 
 467 S.E.2d 28
 
 , 31 (1996).
 

 For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.
 

 *378
 

 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012) (internal citations and quotation marks omitted).
 

 1.
 
 Flight Instruction
 

 Defendant first contends the trial court erred in instructing the jury on flight. Defendant also asserts the flight instruction was prejudicial to her case.
 

 The defense objected to the flight instruction during the charge conference. The trial court overruled defendant's objection and, prior to instructing the jury on the elements of any of the offenses, instructed the jury on flight as follows:
 

 Flight. The State contends and the Defendant denies that the Defendant fled. Evidence of flight may be considered by you together with all other facts, and evidence, and circumstances in this case in determining whether the combined circumstances amount to an admission or show a consciousness of guilt. However, proof of this circumstance is not sufficient in itself to establish Defendant's guilt.
 

 "[F]light from a crime shortly after its commission is admissible as evidence of guilt, and a trial court may properly instruct on flight [s]o long as there is some evidence in the record reasonably supporting the theory that defendant fled after the commission of the crime charged[.]"
 
 State v. Tucker
 
 ,
 
 329 N.C. 709
 
 , 722,
 
 407 S.E.2d 805
 
 , 813 (1991) (internal quotation marks and citations omitted). "Mere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension."
 
 State v. Thompson
 
 ,
 
 328 N.C. 477
 
 , 490,
 
 402 S.E.2d 386
 
 , 392 (1991). "The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper."
 
 State v. Norwood
 
 ,
 
 344 N.C. 511
 
 , 534,
 
 476 S.E.2d 349
 
 , 359 (1996). "Where there is some evidence supporting the theory of the defendant's flight, the jury must decide whether the facts and circumstances support the State's contention that the defendant fled."
 
 Id
 
 . at 535,
 
 476 S.E.2d at 360
 
 . "[E]vidence which merely shows it possible for the
 
 *202
 
 fact in issue to be as alleged, or which raises a mere conjecture that it was so ... should not be left to the jury."
 
 State v. Lee
 
 ,
 
 287 N.C. 536
 
 , 540,
 
 215 S.E.2d 146
 
 , 149 (1975) (quotation marks and citation omitted).
 

 Defendant contends the evidence in this case "raises no more than suspicion or conjecture that [she] engaged in behavior constituting
 
 *379
 
 'flight', or reflecting an admission or consciousness of guilt of the crimes charged."
 

 The evidence in this case was that defendant was at the house on the evening of 5 March 2010 prior to the fire. Defendant testified that she was only there several minutes to let the horses in the barn and she did not go in the house. Defendant said that she then left to look for her daughter and then went to her boyfriend's house in Hoke County. Defendant stated that she did not pass anyone on her street as she left. The only evidence of flight was testimony from defendant's neighbor, who lived in one of the three houses on the narrow dirt street. The neighbor testified that when he came home around "ten-ish" the evening of the fire, he spotted a car ahead of him as it came around the curve. The neighbor pulled over to the right side of the street to allow the car to pass and "a little white car passed [him] pretty quickly." The car did not slow and the neighbor did not have time to look into the car as it passed. The neighbor knew that defendant drove a white Saturn but could not tell what type of white car passed him. The neighbor testified that the car that passed him was similar to defendant's car and he assumed it was defendant's car, but he could not see who was driving. As the neighbor rounded the curve, he thought he saw the house on fire and called 911. As the neighbor approached defendant's house, he could no longer see the fire and thought he was mistaken. The neighbor later confirmed that the house was on fire and called 911 again.
 

 We agree with defendant that this evidence raises no more than suspicion and conjecture that she fled the scene. Moreover, there is no evidence that defendant took steps to avoid apprehension. The evidence was that defendant was at her boyfriend's house when her uncle, also a neighbor of defendant's, called to tell her that her house was on fire. When defendant received the call, she immediately went back to her house with her boyfriend, where she spoke with first responders at the scene. Defendant then returned to the scene the following morning.
 

 Because the evidence raises only a suspicion that defendant fled the scene of the fire and because there is no further evidence that defendant took steps to avoid apprehension, we hold there was insufficient evidence to support issuance of a flight instruction in this case. That error, however, was not prejudicial to defendant's case. Although the flight instruction was given prior to any of the instructions for the charged offenses, it was most directly related to the charge of setting fire to a dwelling house, of which the jury found defendant not guilty. We are not convinced that the jury considered flight, found defendant not guilty of setting fire to a dwelling house, and then found defendant guilty of obtaining property by false pretense
 
 *380
 
 and insurance fraud based on defendant's alleged flight from the scene of the fire. Thus, we find no reasonable possibility of a different outcome had the flight instruction not been given. Defendant was not prejudiced by the erroneous flight instruction.
 

 2.
 
 Obtaining Property by False Pretense Instructions
 

 Defendant also challenges the trial court's jury instructions for obtaining property by false pretense. Defendant contends the jury instructions for obtaining property by false pretense allowed the jury to convict on a theory not alleged in the indictment. Defendant did not object to the instructions below and, therefore, our review on appeal is limited to plain error, which defendant asserts.
 

 "It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment."
 
 State v. Barnett
 
 ,
 
 368 N.C. 710
 
 , 713,
 
 782 S.E.2d 885
 
 , 888 (2016) (internal quotation marks and citation omitted). Thus, "[i]f the indictment's allegations do not conform to the 'equivalent material aspects of the jury charge,' this discrepancy is considered a fatal variance."
 

 *203
 

 State v. Ross
 
 , --- N.C. App. ----, ----,
 
 792 S.E.2d 155
 
 , 158 (2016) (quoting
 
 State v. Williams
 
 ,
 
 318 N.C. 624
 
 , 631,
 
 350 S.E.2d 353
 
 , 357 (1986) ).
 

 In this case, the indictment for obtaining property by false pretense specified the false pretense and charged defendant as follows:
 

 defendant ... unlawfully, willfully and feloniously did knowingly and designedly with the intent to cheat and defraud, did obtain or attempt to obtain $331,500.00 from North Carolina Farm Bureau Mutual Insurance Company by means of a false pretense which was calculated to deceive and did deceive.
 
 The false pretense consisted of the following: filing a fire loss claim under the defendant's home owner insurance policy, when in fact the defendant had intentionally burned her own residence
 
 , all against the form of the statute in such case made and provided and against the peace and dignity of the State.
 

 (Emphasis added.)
 

 During the charge conference, the parties agreed that the court would instruct the jury on obtaining property of value of $100,000 or greater by false pretense and the lesser offense of obtaining property by false pretense where value is not at issue. The trial court was informed that both offenses were included in the same pattern jury instruction.
 

 *381
 
 The trial court then instructed the jury pursuant to pattern instruction N.C.P.I.-Crim. 219.10A without specifying the false pretense alleged in the indictment. The instructions for the first three elements of the offense provided only that the jury must find "that the Defendant made a representation to another[,]" "that the representation was false[,]" and "the representation was calculated and intended to deceive."
 

 The jury ultimately convicted defendant of the lesser obtaining property by false pretense offense. The portion of the jury instructions directly related to that lesser offense provided as follows:
 

 Obtaining property by false pretense differs from obtaining property worth $100,000 or more by false pretense in that the value of the property need not be worth $100,000 or more. If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant made a representation, the representation was false, the representation was calculated and intended to deceive, that the victim was in fact deceived by it, and the Defendant thereby obtained or attempted to obtain property from the victim, it would be your duty to return a verdict of guilty of obtaining property by false pretense. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.
 

 Despite her failure to object below, defendant now contends these jury instructions "allowed the jury to find [her] guilty based on any and all possible misrepresentations that induced the insurance company to pay any money to her" and, therefore, "allowed the jury to convict [her] on a theory not alleged in the indictment." Because the indictment specified that the false pretense consisted of "filing a fire loss claim under the defendant's home owner insurance policy, when in fact the defendant had intentionally burned her own residence," defendant argues the "pattern jury instruction should have been adapted to reflect the specific misrepresentation in the indictment" and "[t]he instruction should have required the jury to determine whether [she] obtained money from the insurance company based on the representation that she did not set fire to the house."
 

 Defendant relies on
 
 State v. Linker
 
 ,
 
 309 N.C. 612
 
 ,
 
 308 S.E.2d 309
 
 (1983), in asserting the trial court erred. In
 
 Linker
 
 , our Supreme Court explained that
 

 *382
 
 [t]he gist of obtaining property by false pretense is the false representation of a subsisting fact intended to and which does deceive one from whom property is obtained. The state must prove, as an essential element of the crime, that defendant made the misrepresentation as alleged. If the state's evidence fails to establish that defendant made this misrepresentation but tends to show some other misrepresentation was made, then the state's proof varies fatally from the indictments.... This rule protects criminal defendants from
 
 *204
 
 vague and nonspecific charges and provides them notice so that if they have a defense to the charge as laid, they may properly and adequately prepare it without facing at trial a charge different from that alleged in the indictment.
 

 Id
 
 . at 614-15,
 
 308 S.E.2d at 310-11
 
 (internal citations and footnote omitted). The
 
 Linker
 
 Court then reversed the defendant's conviction for obtaining property by false pretense and remanded with instructions to dismiss the indictments, with leave to the State to obtain other indictments, because the State's proof varied fatally from the allegations in the indictment.
 
 Id
 
 . at 616,
 
 308 S.E.2d at 311
 
 .
 

 In response to defendant's argument, the State distinguishes this case from
 
 Linker
 
 , arguing that in this case "there was no fatal variance between the offense charged and the proof, and the trial court was not required to set out each alleged misrepresentation in its instructions to the jury." The State asserts the indictment provided ample notice of the offense charged and that evidence was produced at trial to support the charged offense.
 

 Upon review, we agree with the State that the indictment was sufficient to charge defendant with obtaining property by false pretense by "filing a fire loss claim under defendant's home owner insurance policy, when in fact the defendant had intentionally burned her own residence[.]" Additionally, we agree that the State put on evidence to support that charge. The issue on appeal, however, is not whether the indictment was sufficient to charge the offense or whether there was a fatal variance between the indictment and the proof; the issue raised on appeal is whether there is a fatal variance between the indictment and the jury instructions.
 

 Although
 
 Linker
 
 addressed a fatal variance between the allegations in the indictment and the State's proof, we find the law in
 
 Linker
 
 , quoted above, is relevant in addressing a fatal variance between the indictment
 
 *383
 
 and the jury instructions. Namely, "[t]he state must prove, as an essential element of the crime, that defendant made the misrepresentation as alleged. If the state's evidence fails to establish that defendant made this misrepresentation but tends to show some other misrepresentation was made, then the state's proof varies fatally from the indictments."
 
 Linker
 
 ,
 
 309 N.C. at 615
 
 ,
 
 308 S.E.2d at 311
 
 (footnote omitted). Because "a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment[,]"
 
 Barnett
 
 ,
 
 368 N.C. at 713
 
 ,
 
 782 S.E.2d at 888
 
 , and "[t]he state must prove ... that defendant made the misrepresentation as alleged[,]"
 
 Linker
 
 ,
 
 309 N.C. at 615
 
 ,
 
 308 S.E.2d at 311
 
 , it only makes sense that the trial court must instruct the jury on the misrepresentation as alleged in the indictment. It did not do so in this instance.
 

 "It is clearly the rule in this jurisdiction that the trial court should not give instructions which present to the jury possible theories of conviction which are ... not charged in the bill of indictment."
 
 State v. Taylor
 
 ,
 
 304 N.C. 249
 
 , 274,
 
 283 S.E.2d 761
 
 , 777 (1981),
 
 cert. denied
 
 ,
 
 463 U.S. 1213
 
 ,
 
 103 S.Ct. 3552
 
 ,
 
 77 L.Ed.2d 1398
 
 ,
 
 rehr'g denied
 
 ,
 
 463 U.S. 1249
 
 ,
 
 104 S.Ct. 37
 
 ,
 
 77 L.Ed. 2d 1456
 
 (1983). Nevertheless, this Court has stated that "[a] jury instruction that is not specific to the misrepresentation in the indictment is acceptable so long as the court finds 'no fatal variance between the indictment, the proof presented at trial, and the instructions to the jury.' "
 
 State v. Ledwell
 
 ,
 
 171 N.C. App. 314
 
 , 320,
 
 614 S.E.2d 562
 
 , 566 (2005) (quoting
 
 State v. Clemmons
 
 ,
 
 111 N.C. App. 569
 
 , 578,
 
 433 S.E.2d 748
 
 , 753 (1993) ). In
 
 Clemmons
 
 , this Court held the trial court did not err in failing to mention the exact misrepresentation alleged in the indictment in the jury instruction because the State's evidence corresponded to the allegation in the indictment.
 
 Clemmons
 
 ,
 
 111 N.C. App. at 578
 
 ,
 
 433 S.E.2d at 753
 
 . Similarly, in
 
 Ledwell
 
 , this Court held the trial court did not err in failing to instruct the jury as to the specific misrepresentation it needed to find based on the indictment, explaining that "[t]he State presented evidence of a single misrepresentation. There is no other misrepresentation that the jury could have found; therefore, there is no need to instruct the jury on the specific misrepresentation."
 
 Ledwell
 
 ,
 
 171 N.C. App. at 320
 
 ,
 
 614 S.E.2d at 566-67
 
 .
 

 *205
 
 In contrast to
 
 Clemmons
 
 and
 
 Ledwell
 
 , evidence was introduced at defendant's trial of various misrepresentations in defendant's insurance claim besides her denial that she had anything to do with setting the fire. Precisely, in addition to evidence of the misrepresentation alleged in the indictment-"filing a fire loss claim under the defendant's home owner insurance policy, when in fact the defendant had intentionally
 
 *384
 
 burned her own residence"-evidence was introduced that defendant signed her ex-husband's name on a deed, overstated the personal items allegedly destroyed in the fire, and sought money for rent that was not used for rent. Both defendant and the State have acknowledged evidence of these misrepresentations.
 

 Where there is evidence of various misrepresentations which the jury could have considered in reaching a verdict for obtaining property by false pretense, we hold the trial court erred by not mentioning the misrepresentation specified in the indictment in the jury instructions for the offense. The fact that the trial court instructed pursuant to the pattern instructions does not change our holding. As defendant points out, and as our Supreme Court has recognized, "the pattern jury instructions themselves note, '
 
 all pattern instructions should be carefully read and adaptations made, if necessary, before any instruction is given to the jury
 
 .' "
 
 State v. Walston
 
 ,
 
 367 N.C. 721
 
 , 732,
 
 766 S.E.2d 312
 
 , 319 (2014) (quoting 1 N.C.P.I.-Crim. at xix ("Guide to the Use of this Book") (2014) ).
 

 The State further asserts that even if the trial court erred by not including the misrepresentation alleged in the indictment in the jury instructions, the error does not amount to plain error. The State quotes
 
 State v. Barker
 
 ,
 
 240 N.C. App. 224
 
 , 235,
 
 770 S.E.2d 142
 
 , 150 (2015), which notes that "this Court has consistently found no plain error where a trial court has given the pattern jury instruction for the offense of obtaining property by false pretenses." However, the portion of this Court's decision in
 
 Barker
 
 relied on by the State is dicta, as this Court had already determined the trial court's instructions in that case were not error based on
 
 Ledwell
 
 and
 
 Clemmons
 
 .
 
 Id
 
 . Moreover, we find the present case to be an exceptional case.
 

 The State does not address defendant's argument that the jury's verdict would have been different had the trial court's instructions included the specific misrepresentation alleged in the indictment. Upon review, we agree with defendant that absent the trial court's error, it is likely the jury would have reached a different verdict for the obtaining property by false pretense charge. If the trial court's instructions had limited the jury's consideration to "filing a fire loss claim under the defendant's home owner insurance policy, when in fact the defendant had intentionally burned her own residence," it is unlikely the jury would have found defendant guilty because the jury found defendant not guilty of occupant or owner setting fire to a dwelling house. The instructions given by the trial court allowed the jury to consider any misrepresentation by defendant as a basis for a guilty verdict for obtaining property by false pretense. Furthermore, bearing in mind that
 
 *385
 
 the jury found defendant guilty of the lesser obtaining property by false pretense offense for which the value of the property acquired is not at issue, it is likely the jury's guilty verdict resulted from the consideration of defendant's misrepresentations regarding the personal items destroyed in the fire and rent money. Because the trial court's erroneous instructions allowed the jury to convict defendant on a theory not alleged in the indictment and it is unlikely the jury would have convicted defendant on the theory alleged in the indictment, we hold the error had a probable impact on the jury's finding defendant guilty of obtaining property by false pretense. The trial court plainly erred.
 

 3.
 
 Insurance Fraud Instructions
 

 Similar to defendant's argument regarding the jury instructions for obtaining property by false pretense, defendant argues the trial court also erred in instructing the jury on insurance fraud because the trial court did not specify the false statement alleged in the indictment. Based on the instructions given, defendant contends the jury could have found her guilty based on any false statement that was material to the insurance claim. Because defendant did not object to the challenged instructions, our review is
 
 *206
 
 again limited to plain error, which defendant asserts.
 

 The same fundamental principles of law cited above apply in the review of the insurance fraud instructions. "[D]efendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment."
 
 Barnett
 
 ,
 
 368 N.C. at 713
 
 ,
 
 782 S.E.2d at 888
 
 (internal quotation marks and citation omitted). The trial court should not give instructions that allow conviction on theories not charged in the indictment,
 
 Taylor
 
 ,
 
 304 N.C. at 274
 
 ,
 
 283 S.E.2d at 777
 
 , and if the jury charge does not conform to the allegations in the indictment, there is a fatal variance,
 
 Ross
 
 , --- N.C. App. at ----,
 
 792 S.E.2d at 158
 
 .
 

 The indictment for insurance fraud was similar to the indictment for obtaining property by false pretense in that the false statement alleged in the indictment was defendant's denial that she set fire to her residence. Specifically, the indictment for insurance fraud alleged as follows:
 

 defendant ... unlawfully, willfully and feloniously did with the intent to defraud and deceive an insurer, North Carolina Farm Bureau Mutual Insurance, present a written and oral statement as part of and in support of a claim for payment pursuant to an insurance policy, home owner's policy number HP5921697-01, knowing that the statements contained false and misleading information,
 
 the defendant claimed that she had had nothing to do with the cause
 

 *386
 

 of the fire when in fact, she set the fire and caused the dwelling to be burned
 
 , concerning a fact our [sic] matter material to the claim, all against the form of the statute in such case made and provided and against the peace and dignity of the State.
 

 (Emphasis added). The trial court instructed the jury pursuant to pattern jury instruction N.C.P.I.-Crim. 228.30 without specifying the false or misleading statement alleged in the indictment, as follows:
 

 [T]o find the Defendant guilty of this offense the State must prove five things beyond a reasonable doubt: first, that an insurance policy existed between Linda Locklear and the Estate of Linda Locklear and North Carolina Farm Bureau Mutual Insurance; second, the Defendant presented or caused to be presented a written or oral statement as part of or in support of a claim for payment or a benefit pursuant to the insurance policy; third, that the statement contained false or misleading information concerning a fact or matter material to the claim; fourth, the Defendant knew the statement contained a false or misleading information concerning a fact or material-matter material to the claim; fifth, that the Defendant acted with the intent to injure, or defraud, or deceive North Carolina Farm Bureau Mutual Insurance.
 

 So I charge you that if you find from the evidence beyond a reasonable doubt that on or about the alleged date an insurance policy existed between Linda Locklear, Estate of Linda Locklear, and North Carolina Farm Bureau Mutual Insurance, and that the Defendant knowingly and with the intent to injure, or defraud, or deceive the North Carolina Farm Bureau Mutual Insurance presented or caused to be presented a statement that contained false or misleading information concerning a fact or matter material to the claim for payment of the claim pursuant to the policy or to obtain some benefit under the policy, it would be your duty to return a verdict of guilty. However, if you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.
 

 Both parties assert that defendant's challenge to the jury instructions for insurance fraud is substantially similar to her challenge above
 
 *387
 
 regarding the instructions for obtaining property by false pretense. Upon review, we agree the issues are substantially similar. Therefore, the analysis is the same and we reach the same result-because the trial court's instructions allowed the jury to convict defendant of insurance fraud on a theory not alleged in the indictment and it is unlikely the jury would have convicted defendant on the theory alleged in the indictment, we hold the trial court's instructions for insurance fraud were plain error.
 

 B.
 
 Response to Jury Questions
 

 In the final issue raised on appeal, defendant argues the trial court erred in responding
 
 *207
 
 to questions by the jury during deliberations. However, because we hold the trial court plainly erred in instructing the jury on the obtaining property by false pretense and insurance fraud charges, we do not address this last issue.
 

 III.
 
 Conclusion
 

 For the reasons discussed, we hold the trial court committed various errors in instructing the jury. The erroneous flight instruction was not prejudicial to defendant's case. The erroneous instructions for obtaining property by false pretense and insurance fraud amount to plain error, entitling defendant to a new trial.
 
 [1]
 

 NEW TRIAL.
 

 Judges STROUD and DAVIS concur.
 

 [1]
 

 Given that we have found the jury instructions were in error, we are sending the case back for a new trial. However, because the jury has already determined defendant was not guilty of burning the dwelling, we are unable to see a way the State can survive a motion to dismiss at the close of the State's case should it choose to attempt to retry the case.