IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-566

Filed 7 May 2024

Watauga County, Nos. 20 CRS 51082-83

STATE OF NORTH CAROLINA

v.

TODD GIBBS

Appeal by Defendant from Judgments entered 11 January 2023 by Judge Gary M. Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 19 March 2024.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Olga E. Vysotskaya de Brito, for the State.*

*Arnold & Smith, PLLC, by Ashley A. Crowder, for Defendant-Appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Todd Gibbs (Defendant) appeals from Judgments entered pursuant to jury verdicts finding Defendant guilty of three counts of Second-Degree Rape and one count of Sex Offense in a Parental Role. The Record before us, including evidence presented at trial, tends to reflect the following:

In November of 2004, Beth Berry, a social worker with the Watauga County Department of Social Services (DSS), received a report alleging Defendant was

abusing his stepchildren. This report was made by the ex-husband of Defendant's then-wife. Berry testified she contacted J.H.[1] in the course of her investigation of the alleged abuse, during which it became known there were allegations Defendant had previously abused J.H. Berry testified J.H. confided in her that Defendant had repeatedly sexually abused her when he was her stepfather over an extended period of time. Her report indicated the abuse had occurred approximately eight years prior. After their conversation, Berry reported to the Sheriff's Office that J.H. had confirmed her own sexual abuse as a child, but she did not wish to press charges against Defendant at that time.

In the fall of 2020, Sergeant Lucas Smith with the Watauga County Sheriff's Office contacted J.H. after finding the 2004 report during an investigation of Defendant. On 26 October 2020, Sergeant Smith interviewed J.H. about the incidents documented in the report. Sergeant Smith testified J.H. had described the first two major incidents she could recall. The first involved Defendant performing oral sex on her after her seventh-grade science fair. The second involved Defendant forcibly raping her in a car after a visit to a Blockbuster Video store. J.H. also reported a subsequent pattern of abuse in which Defendant sexually abused her two to three times per week for an extended period of time. After this interview, Defendant was indicted for three counts of Second-Degree Rape and one count of Sex Offense in a

---

[1] Although J.H. was an adult at the time of trial, she was a minor when the alleged offenses occurred, thus we refer to her using initials.

Parental Role on or about 6 December 2021.

Defendant's case came on for trial on 9 January 2023. At trial, J.H. testified, consistent with her statement to Sergeant Smith, to two distinct instances of abuse: one involving oral sex when Defendant picked her up from a science fair when she was in the seventh grade and another in which Defendant sexually assaulted her in a car in the garage of their house after renting a movie from Blockbuster Video. J.H. testified that after these incidents, Defendant sexually abused her three to four times per week over the course of several months until sometime when she was fifteen years old and threatened Defendant if he "ever touched [her] again." This account was consistent with her interview with Sergeant Smith.

At the close of the State's evidence, Defendant renewed "all previous motions and objections made up and until this point" and moved to dismiss the case. The trial court denied these motions. At the conclusion of all evidence, Defendant again moved to dismiss the case. The trial court denied Defendant's motion. During the charge conference, Defendant made no objection to the jury instructions.

On 11 January 2023, the jury returned verdicts finding Defendant guilty on all four charges. The trial court sentenced Defendant to consecutive sentences of 63 to 85 months of imprisonment for each of the three Second-Degree Rape convictions and a consecutive term of 25 to 39 months of imprisonment for the Sex Offense in a Parental Role conviction. The trial court also ordered Defendant to pay a fine of $10,000 and recommended he receive psychiatric and psychological counseling.

Defendant orally entered Notice of Appeal in open court on 11 January 2023.

## Issues

The issues on appeal are whether the trial court erred by: (I) denying Defendant's Motion to Dismiss the Indictments; (II) denying Defendant's Motion to Dismiss for insufficiency of the evidence; (III) not instructing the jury that specific alleged acts must correspond to specific alleged dates; and (IV) sentencing Defendant to consecutive terms of imprisonment.

## Analysis

I.    Motion to Dismiss the Indictments

Defendant contends the indictments were constitutionally deficient because they did not state "with certainty the acts that give rise to the offense with which Defendant is being charged." Specifically, Defendant contends the indictments did not give Defendant sufficient notice on which particular days within the date range alleged in the indictments the offenses occurred. Additionally, Defendant argues the indictments were fatally defective because the three counts of Second-Degree Rape were identical, such that a juror could not know what evidence pertained to which count.

"It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *State v. Locklear*, 259 N.C. App. 374, 380, 816 S.E.2d 197, 202 (2018) (quotation marks omitted) (quoting *State v. Barnett*, 368 N.C. 710, 713, 782

S.E.2d 885, 888 (2016)). "The purpose of the indictment is to put the defendant on 'notice of the charge against him so that he may prepare his defense and be in a position to plead prior jeopardy if he is again brought to trial for the same offense.' " *State v. Collins*, 245 N.C. App. 478, 486, 783 S.E.2d 9, 15 (2016) (quoting *State v. Freeman*, 314 N.C. 432, 435, 333 S.E.2d 743, 745 (1985)). "Thus, '[i]f the indictment's allegations do not conform to the equivalent material aspects of the jury charge, this discrepancy is considered a fatal variance.' " *Locklear*, 259 N.C. App. at 380, 816 S.E.2d at 202-03 (alteration in original) (quoting *State v. Ross*, 249 N.C. App. 672, 676, 792 S.E.2d 155, 158 (2016) (citation and quotation marks omitted)).

"Generally, an indictment must include a designated date or period within which the offense occurred." *Collins*, 245 N.C. App. at 486, 783 S.E.2d at 15 (citation omitted). However, our Supreme Court has repeatedly stated "the date given in a bill of indictment usually is not an essential element of the crime charged. The State may prove that the crime was in fact committed on some other date." *State v. Sills*, 311 N.C. 370, 376, 317 S.E.2d 379, 382 (1984); *see also State v. Whittemore*, 255 N.C. 583, 592, 122 S.E.2d 396, 403 (1961). "[V]ariance between allegation and proof as to time is not material where no statute of limitations is involved." *State v. Burton*, 114 N.C. App. 610, 612, 442 S.E.2d 384, 385 (1994) (citations and quotation marks omitted).

In cases involving sexual assaults of children, our Supreme Court has relaxed the temporal specificity requirements the State must allege in the indictment. *Id.* at

613, 442 S.E.2d at 386.

> We have stated repeatedly that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense.

*State v. Wood*, 311 N.C. 739, 742, 319 S.E.2d 247, 249 (1984) (citations omitted).

"Judicial tolerance of variance between the dates alleged and the dates proved has particular applicability where . . . the allegations concern instances of child sex abuse occurring years before." *Burton*, 114 N.C. App. at 613, 442 S.E.2d at 386. Thus, "[u]nless the defendant demonstrates that he was deprived of his defense because of lack of specificity, this policy of leniency governs." *State v. Everett*, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991) (citations omitted).

Our statutes support this "policy of leniency" by expressly providing no stay or reversal of a judgment on an indictment when time is not of the essence of the offense: "No judgment upon any indictment . . . shall be stayed or reversed for the want of the averment of any matter unnecessary to be proved . . . nor for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly[.]" N.C. Gen. Stat. § 15-155 (2021). Further, "[e]rror as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the charge

and the error or omission did not mislead the defendant to his prejudice." N.C. Gen. Stat. § 15A-924(a)(4) (2021).

In this case, Defendant was indicted for three counts of Second-Degree Forcible Rape pursuant to N.C. Gen. Stat. § 14-27.22. Our statutes provide: "A person is guilty of second-degree forcible rape if the person engages in vaginal intercourse with another person . . . [b]y force and against the will of the other person[.]" N.C. Gen. Stat. § 14-27.22(a)(1) (2021).[2] The indictments for these offenses alleged a date range of 2 October 1994 to 25 March 1995. Time is not of the essence nor a required element for Second-Degree Forcible Rape. Further, each count was charged as a felony, and "[i]n [North Carolina] no statute of limitations bars the prosecution of a felony." *State v. Johnson*, 275 N.C. 264, 271, 167 S.E.2d 274, 279 (1969). Defendant does not argue to the contrary.

Moreover, there was sufficient evidence presented at trial to support the indictment date range. At trial, J.H. testified about multiple specific incidents of forcible vaginal intercourse that occurred within the date range listed on the indictments. J.H. also testified to a pattern of abuse that continued two to three times per week for months. Such testimony is sufficient to support a conviction. This is consistent with our precedent rejecting similar arguments in cases where a victim testifies to a "long history of repeated acts of sexual abuse over a period of time, but

---

[2] Formerly codified as N.C. Gen. Stat. § 14-27(a) (1994).

does not give testimony identifying specific events surrounding each sexual act." *State v. Bullock*, 178 N.C. App. 460, 471, 631 S.E.2d 868, 876 (2006), *disc. review denied*, 361 N.C. 222, 642 S.E.2d 708 (2007); *see also State v. Bates*, 172 N.C. App. 27, 35, 616 S.E.2d 280, 286 (2005).

Additionally, the trial court expressly instructed the jury to consider whether second-degree rape occurred three separate times within the date range, as well as whether the separate offense of sexual abuse in a parental role occurred. The trial court instructed the jury: "You will consider each charge or count separately. To differentiate the charge or count you are considering, you shall determine whether the alleged occurrence of one offense is at a time or date different from the other two alleged offenses." Thus, the instructions clarified the jury must find separate, distinct incidents of rape for each count. Therefore, we conclude the trial court did not err by denying Defendant's Motion to Dismiss the Indictments.

II.    Motion to Dismiss

We review the trial court's denial of a motion to dismiss de novo. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). However, "[u]pon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fields*, 265 N.C. App. 69, 71, 827 S.E.2d 120, 122 (2019) (citation and quotation marks omitted), *review allowed, writ allowed*, 372

N.C. 705, 830 S.E.2d 816 (2019), *and aff'd as modified*, 374 N.C. 629, 843 S.E.2d 186 (2020). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Blake*, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987) (citation and quotation marks omitted). Evidence "need not be irrefutable or uncontroverted" to be substantial. *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 139 (2002). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted).

Defendant contends the trial court erred in denying his Motion to Dismiss for insufficient evidence. For the charge of Second-Degree Forcible Rape, our statutes provide: "A person is guilty of second-degree forcible rape if the person engages in vaginal intercourse with another person . . . [b]y force and against the will of the other person[.]" N.C. Gen. Stat. § 14-27.22(a)(1) (2021). With respect to Sex Offense in a Parental Role, our statutes provide a person is guilty "[i]f a defendant who has assumed the position of a parent in the home of a minor victim engages in vaginal intercourse or a sexual act with a victim who is a minor residing in the home[.]" N.C. Gen. Stat. § 14-27.31(a) (2021).

Defendant argues as to the Second-Degree Rape charges that the State did not present sufficient evidence that the alleged incidents occurred or that they were

perpetrated by force. Defendant argues as to the Sex Offense in a Parental Role charge that the State did not present sufficient evidence that the alleged incidents occurred. Defendant was J.H.'s stepfather at the time of the alleged incidents; therefore, it was uncontested he was in a parental role with respect to J.H.

Defendant points to the lack of physical evidence and the fact J.H. had previously declined to prosecute these incidents. Our courts have repeatedly held victim statements and testimony alone are sufficient evidence to support a conviction. *See e.g.*, *Bates*, 172 N.C. App. at 35, 616 S.E.2d at 286; *Bullock*, 178 N.C. App. at 472, 631 S.E.2d at 876. In one such case, this Court held there is sufficient evidence to withstand a defendant's motion to dismiss in cases involving a long period of abuse "where a victim recounts a long history of repeated acts of sexual abuse over a period of time, but does not give testimony identifying specific events surrounding each sexual act." *Bullock*, 178 N.C. App. at 471, 631 S.E.2d at 877. There, this Court further acknowledged "the realities of a continuous course of repeated sexual abuse. While the first instance of abuse may stand out starkly in the mind of the victim, each succeeding act . . . becomes more routine, with the latter acts blurring together and eventually becoming indistinguishable." *Id.* at 473, 631 S.E.2d at 877. Here, J.H. testified in detail about the first two incidents of sexual assault by Defendant. She then described a pattern of sexual abuse occurring "three to four" times per week for several months. This testimony is sufficient, consistent with our precedent, to survive a motion to dismiss.

As to the issue of force, Defendant acknowledges force may be constructive.

> Constructive force in the form of fear, fright, or coercion suffices to establish the element of force in second-degree rape and may be demonstrated by proof of a defendant's acts which, in the totality of the circumstances, create the reasonable inference that the purpose of such acts was to compel the victim's submission to sexual intercourse.

*State v. Parks*, 96 N.C. App. 589, 593, 386 S.E.2d 748, 751 (1989). Our Supreme Court has noted "[t]he youth and vulnerability of children, coupled with the power inherent in a parent's position of authority, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect the abuser's purpose." *State v. Etheridge*, 319 N.C. 34, 47, 352 S.E.2d 673, 681 (1987). "[W]here explicit threats or displays of force are absent, constructive force may nevertheless be inferred from the 'unique situation of dominance and control' which inheres in the parent-child relationship." *Parks*, 96 N.C. App. at 593, 386 S.E.2d at 751 (quoting *Etheridge*, 319 N.C. at 47, 352 S.E.2d at 681).

Contrary to Defendant's assertions, J.H.'s testimony was sufficient to establish constructive force. J.H. testified that during the alleged sexual assaults, Defendant "would be on top of [her] so [she] really didn't have really anywhere to go." She testified to feeling "intimidation" and stated she "definitely feared repercussions" if she did not comply. J.H. also testified to Defendant's size relative to her at that time, when she was "smaller than average[.]" This testimony is in accord with our Supreme Court's recognition of the "unique situation of dominance and control" inherent in the

relationship between a parent and child. *Etheridge*, 319 N.C. at 47, 352 S.E.2d at 681. Further, this Court has consistently concluded there was sufficient evidence to support finding constructive force in cases in which juveniles testified to fear of retribution or control and manipulation on the part of the abuser. *See e.g.*, *Locklear*, 172 N.C. App. at 254-55, 616 S.E.2d at 338; *State v. Strickland*, 318 N.C. 653, 656-57, 351 S.E.2d 281, 283 (1987); *State v. Morrison*, 94 N.C. App. 517, 522-24, 380 S.E.2d 608, 611-12 (1989). Thus, the State presented sufficient evidence to establish Defendant committed the acts alleged and used constructive force. Therefore, the trial court did not err in denying Defendant's Motion to Dismiss for insufficient evidence.

III. Jury Instructions

Defendant acknowledges he did not object to the jury instructions at trial. Therefore, our review is limited to plain error. *See State v. Golder*, 374 N.C. 238, 244, 839 S.E.2d 782, 788 ("[A]n appellate court will apply the plain error standard of review to unpreserved instructional and evidentiary errors in criminal cases." (citation and quotation marks omitted)). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation omitted). Further, "[t]o show that an error was fundamental, a defendant must establish prejudice— that, after examination of the entire record, the error 'had a probable impact on the jury's finding that the defendant was guilty.'" *Id.* (quoting *State v. Odom*, 307 N.C.

655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted)). Thus, plain error is reserved for "the exceptional case where, after reviewing the entire record, it can be said the claimed error is a '*fundamental* error, something so basic, so prejudicial . . . that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused[.]' " *Odom*, 307 N.C. at 660, 300 S.E.2d at 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)) (emphasis in original).

Defendant contends the trial court's jury instructions were prejudicial because there was no instruction "regarding the necessity for specific alleged date incidents for the alleged acts of vaginal intercourse." As we have already concluded, however, the State was not required to allege or prove specific dates for each instance of abuse.

Further, the trial court appropriately instructed the jury that it must find the State met its burden for each count of Second-Degree Rape charged. The trial court instructed the jury as follows:

> Now, the defendant has been charged with three counts of second-degree forcible rape. Each count alleges that the offense occurred on or about a date between October 2nd of 1994, and March 25th, 1995. You will consider each charge or count separately. To differentiate the charge or count you are considering, you shall determine whether the alleged occurrence of one offense is at a time or date different from the occurrence of the other two alleged offenses. That is, you must find beyond a reasonable doubt that each separate count was a separate occurrence of the alleged offense and that it occurred within the alleged time period. Again I remind you that you will consider each offense or count separately.

The jury was given clear, specific instructions that it must consider each count separately, and whether each alleged occurrence happened at different times or days from each other. Based on the instructions and J.H.'s testimony regarding two separate instances and a long pattern of abuse over the course of several months, we cannot conclude Defendant was prejudiced by the jury instructions or, consequently, that the trial court plainly erred in issuing its instructions.

IV.    Consecutive Sentences

When a defendant challenges the sentence imposed by the trial court, "our standard of review is 'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1)). "It is well established that the decision to impose consecutive or concurrent sentences is within the discretion of the trial judge and will not be overturned absent a showing of abuse of discretion." *State v. Espinoza-Valenzuela*, 203 N.C. App. 485, 497, 692 S.E.2d 145, 154 (2010). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005) (citation omitted).

"This Court has held the trial court is required to take 'into account factors in aggravation and mitigation *only* when deviating from the presumptive range in sentencing.'" *State v. Chavis*, 141 N.C. App. 553, 568, 540 S.E.2d 404, 415 (2000) (quoting *State v. Caldwell*, 125 N.C. App. 161, 162, 479 S.E.2d 282, 283 (1997))

(emphasis in original). Thus, when the trial court imposes presumptive sentences, it is not required to take into account mitigating evidence. *Id.*

Here, as Defendant acknowledges, the trial court imposed sentences within the presumptive range. It was thus within the trial court's discretion to impose concurrent or consecutive sentences. *Espinoza-Valenzuela*, 203 N.C. App. at 497, 692 S.E.2d at 154. There is nothing in the Record supporting the proposition that imposing consecutive sentences was arbitrary or could not have been the result of a reasoned decision. Moreover, "sentences that are within the statutory limits and impose consecutive sentences do not constitute cruel and unusual punishment." *State v. Handsome*, 300 N.C. 313, 317, 266 S.E.2d 670, 674 (1980) (citations omitted). Where a defendant is sentenced within the relevant statutory limits, "[t]here is . . . no merit to his contention that the [consecutive] sentences constitute cruel or unusual punishment." *State v. O'Neal*, 108 N.C. App. 661, 667, 424 S.E.2d 680, 683 (1993). Thus, Defendant has failed to show the trial court's decision to impose consecutive sentences was arbitrary or without reason, or that his consecutive sentences amounted to cruel or unusual punishment. Therefore, the trial court did not err in sentencing Defendant to consecutive terms of imprisonment. Consequently, the trial court, in turn, did not err in entering judgment against Defendant.

## **Conclusion**

Accordingly, for the foregoing reasons, we conclude there was no error in Defendant's trial and affirm the Judgments.

NO ERROR.

Judges GRIFFIN and THOMPSON concur.